**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION**

| | |
|---|---|
| **MALIKIE INNOVATIONS LTD. AND KEY PATENT INNOVATIONS LTD.,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**FOUNDRY DIGITAL LLC, FORTITUDE MINING, LLC, RIOT PLATFORMS, INC., AND CIPHER MINING INC.,**<br><br>**Defendants.** | **NO. 7:25-CV-00567-DC**<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT RIOT'S ANSWER TO PLAINTIFFS'
COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Riot Platforms, Inc. ("Riot") files this Answer and states the following in response to Plaintiffs' Malikie Innovations Ltd. and Key Patent Innovations Ltd., (collectively, "Plaintiffs") Complaint for Patent Infringement (the "Complaint") [ECF No. 1]. In addition, Riot hereby asserts counterclaims for a declaratory judgment of non-infringement and invalidity of U.S. Patent Nos. 8,788,827; 8,806,197; 8,532,286; and 8,712,039 (collectively, the "Asserted Patents").

**THE PARTIES**

1.    Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and, on that basis, denies them.

2.    Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and, on that basis, denies them.

3.    Riot is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint, and on that basis, denies them.

**RIOT'S ANSWER TO COMPLAINT AND COUNTERCLAIMS – PAGE 1**

4.　　　Riot is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint, and on that basis, denies them.

5.　　　Riot admits that it is a Nevada corporation with a principal place of business at 3855 Ambrosia Street, Suite 301, Castle Rock, Colorado, and that it maintains facilities in Texas, including within this district. Riot also admits that it owns and operates the website located at https://www.riotplatforms.com/.

6.　　　Riot is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint, and on that basis, denies them.

## NATURE OF THE ACTION

7.　　　Riot admits that Plaintiffs filed an action for alleged patent infringement against Riot and its co-Defendants and denies any other allegations in Paragraph 7 of the Complaint.

8.　　　Riot denies that this case centers on ground-breaking innovations in elliptic curve cryptography, and denies that any of the Asserted Patents cover any aspect of the Bitcoin protocol or any part of Riot's Bitcoin operations. Riot is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 8 of the Complaint, and on that basis, denies them.

9.　　　Riot is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint, and on that basis, denies them. Riot further denies that Plaintiffs are entitled to any damages or injunctive relief.

**RIOT'S ANSWER TO COMPLAINT AND COUNTERCLAIMS**　　　　　　　　　　**PAGE 2**

## [ALLEGED] FACTS COMMON TO ALL CLAIMS

### Background

10.    Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and, on that basis, denies them.

11.    Riot admits that Bitcoin is one of the first cryptocurrencies and is one of the most well known. Riot further admits that there are thousands of other cryptocurrencies today, including Etherum, Tether, and Solana. Riot lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 of the Complaint and, on that basis, denies them.

12.    Riot denies that Bitcoin uses cryptographic technology covered by any of the Asserted Patents. Riot lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 of the Complaint and, on that basis, denies them.

13.    Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and, on that basis, denies them.

14.    Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and, on that basis, denies them.

15.    Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and, on that basis, denies them.

16.    Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and, on that basis, denies them.

17.    Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and, on that basis, denies them.

18.　　Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and, on that basis, denies them.

19.　　Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and, on that basis, denies them.

20.　　Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and, on that basis, denies them.

21.　　Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and, on that basis, denies them.

22.　　Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and, on that basis, denies them.

23.　　Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint and, on that basis, denies them.

24.　　Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint and, on that basis, denies them.

25.　　Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint and, on that basis, denies them.

26.　　Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint and, on that basis, denies them.

27.　　Riot denies that Bitcoin uses technology covered by any of the Asserted Patents. Riot lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27 of the Complaint and, on that basis, denies them.

28.　　Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint and, on that basis, denies them.

**RIOT'S ANSWER TO COMPLAINT AND COUNTERCLAIMS**　　　　　　　　　　**PAGE 4**

29.     Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint and, on that basis, denies them.

30.     Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint and, on that basis, denies them.

31.     Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint and, on that basis, denies them.

32.     Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint and, on that basis, denies them.

33.     Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint and, on that basis, denies them.

34.     Riot admits that a bitcoin transaction generally involves inputs that reference unspent outputs of prior transactions, creates one or more new outputs that are assigned to a recipient, and is authorized using a digital signature. Riot lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34 and, on that basis, denies them.

35.     Riot admits that a digital asset "wallet" is a tool, which can be hardware, such as a USB drive wallet, or software that can be used to interact with a blockchain network and can store or manage the cryptographic keys required to authorize transactions for cryptocurrencies like Bitcoin. Riot lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35 and, on that basis, denies them.

36.     Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint and, on that basis, denies them.

**RIOT'S ANSWER TO COMPLAINT AND COUNTERCLAIMS**                    **PAGE 5**

37.     Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint and, on that basis, denies them.

38.     Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint and, on that basis, denies them.

39.     Riot admits that Bitcoin transactions are grouped into data structures called "blocks," which are recorded on a distributed public ledger known as the Bitcoin blockchain. Riot lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 39 and, on that basis, denies them.

40.     Riot admits that once a block is added to the Bitcoin blockchain, it is computationally difficult to alter the transactions within it. Riot lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40 and, on that basis, denies them.

41.     Riot admits that the Bitcoin blockchain consists of a sequence of blocks that are cryptographically linked together. Riot lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41 and, on that basis, denies them.

42.     Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint and, on that basis, denies them.

43.     Riot admits that Bitcoin mining involves performing repeated hashing operations on a block header until a hash value meeting a specific difficulty target is found. Riot also admits that miners often use specialized mining computers that contain application-specific integrated circuits ("ASICS") that are designed specifically for hashing. Riot lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 43 and, on that basis, denies them.

44. Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint and, on that basis, denies them.

45. Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and, on that basis, denies them.

46. Riot admits that the Foundry USA Pool is a bitcoin mining pool and that Riot is a member of the Foundry USA Pool. Riot lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46 of the Complaint and, on that basis, denies them.

47. Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint and, on that basis, denies them.

48. Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint and, on that basis, denies them.

49. Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint and, on that basis, denies them.

50. Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and, on that basis, denies them.

***Fortitude Mining***

51. Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint and, on that basis, denies them.

52. Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the Complaint and, on that basis, denies them.

53. Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint and, on that basis, denies them.

*Riot Platforms, Inc.*

54.    Riot admits that it is one of the largest Bitcoin miners in the world and operates several mining facilities in the United States through its subsidiaries that utilize specialized Bitcoin miners. To the extent that Paragraph 54 contains allegations regarding publicly available documents, Riot admits that such documents exist but denies Plaintiffs' characterization of them and any and all allegations or implications of Riot's infringement or wrongdoing.

55.    Riot admits that it operates a bitcoin mining facility in Rockdale, Texas through its subsidiary Whinstone US, Inc., which Riot considers the largest bitcoin mining facility in North America as measured by development capacity. To the extent that Paragraph 55 contains allegations regarding publicly available documents, Riot admits that such documents exist but denies Plaintiffs' characterization of them and any and all allegations or implications of Riot's infringement or wrongdoing.

56.    Riot admits that the focus of its business has traditionally been mining bitcoin and that the majority of Riot's revenue stems from mining bitcoin. Riot denies that it infringes the Asserted Patents. To the extent that Paragraph 56 contains allegations regarding publicly available documents, Riot admits that such documents exist but denies Plaintiffs' characterization of them and any and all allegations or implications of Riot's infringement or wrongdoing.

57.    Riot admits that the quote is from Riot's 2018 10-K.

58.    Riot admits it is a member of the Foundry USA Pool.

59.    Riot admits that the excerpted quotes are from Riot's 2025 10-K.

*Cipher Mining Inc.*

60.    Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 of the Complaint and, on that basis, denies them.

61.     Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of the Complaint and, on that basis, denies them.

62.     Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 of the Complaint and, on that basis, denies them.

63.     Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 of the Complaint and, on that basis, denies them.

64.     Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 of the Complaint and, on that basis, denies them.

65.     Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 of the Complaint and, on that basis, denies them.

*Foundry*

66.     Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 of the Complaint and, on that basis, denies them.

67.     Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 of the Complaint and, on that basis, denies them.

68.     Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 of the Complaint and, on that basis, denies them.

69.     Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 of the Complaint and, on that basis, denies them.

70.     Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 of the Complaint and, on that basis, denies them.

*Fortitude*

71.     Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 of the Complaint and, on that basis, denies them.

72.     Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 of the Complaint and, on that basis, denies them.

73.     Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 of the Complaint and, on that basis, denies them.

74.     Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 of the Complaint and, on that basis, denies them.

75.     Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 of the Complaint and, on that basis, denies them.

76.     Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 of the Complaint and, on that basis, denies them.

***Riot***

77.     Riot admits it has engaged in bitcoin mining activities since 2017 and continues to do so through its subsidiaries. Riot admits that the excerpted quotes are from Riot's 2025 10-K.

78.     Riot admits it has engaged in bitcoin mining activities since 2017 and continues to do so through its subsidiaries. Riot also admits that its prior operating activities include animal health-related technologies, but that its business is now principally focused on mining bitcoin. To the extent that Paragraph 78 contains allegations regarding publicly available documents, Riot admits that such documents exist but denies Plaintiffs' characterization of them and any and all allegations or implications of Riot's infringement or wrongdoing.

79.     Riot admits it utilizes bitcoin miners manufactured by Bitmain. To the extent that Paragraph 79 contains allegations regarding publicly available documents, Riot admits that such

documents exist but denies Plaintiffs' characterization of them and any and all allegations or implications of Riot's infringement or wrongdoing.

80.    Riot admits that it has participated and continues to participate in mining pools, including the Foundry USA Pool. To the extent that Paragraph 80 contains allegations regarding publicly available documents, Riot admits that such documents exist but denies Plaintiffs' characterization of them and any and all allegations or implications of Riot's infringement or wrongdoing.

81.    Riot denies that it is responsible for the generation of digital signatures, including digital signatures consistent with the Bitcoin protocol using ECDSA and secp256k1. To the extent that Paragraph 81 contains allegations regarding publicly available documents, Riot admits that such documents exist but denies Plaintiffs' characterization of them and any and all allegations or implications of Riot's infringement or wrongdoing.

82.    Riot denies that it is responsible for the verification of digital signatures, including digital signatures consistent with the Bitcoin protocol using ECDSA and secp256k1. Riot admits to participating in mining pools including the Foundry USA Pool. To the extent that Paragraph 82 contains allegations regarding publicly available documents, Riot admits that such documents exist but denies Plaintiffs' characterization of them. Riot denies any and all allegations or implications of infringement or wrongdoing and denies the remaining allegations in Paragraph 82.

83.    Riot admits that it uses third parties such as NYDIG and Coinbase for receiving and transferring bitcoin. To the extent that Paragraph 83 contains allegations regarding publicly available documents, Riot admits that such documents exist but denies Plaintiffs' characterization of them. Riot denies any and all allegations or implications of infringement or wrongdoing and denies the remaining allegations in Paragraph 83.

**RIOT'S ANSWER TO COMPLAINT AND COUNTERCLAIMS**                    **PAGE 11**

84.     Riot admits it has engaged in bitcoin mining activities since 2017 and continues to do so. Riot denies that it infringes the Asserted Patents. Riot further denies the remaining allegations in Paragraph 84 of the Complaint.

*Cipher*

85.     Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 of the Complaint and, on that basis, denies them.

86.     Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 of the Complaint and, on that basis, denies them.

87.     Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 of the Complaint and, on that basis, denies them.

88.     Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 of the Complaint and, on that basis, denies them.

89.     Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 of the Complaint and, on that basis, denies them.

90.     Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 of the Complaint and, on that basis, denies them.

91.     Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 of the Complaint and, on that basis, denies them.

92.     Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 of the Complaint and, on that basis, denies them.

## PATENTS IN SUIT

93.     Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 of the Complaint and, on that basis, denies them.

94.     Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 of the Complaint and, on that basis, denies them.

95.     Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95 of the Complaint and, on that basis, denies them.

**The'827 and '197 Patents**

96.     Riot incorporates its preceding responses herein.

97.     Riot admits that U.S. Patent No. 8,788,827 is entitled "Accelerated Verification of Digital Signatures and Public Keys," was issued on July 22, 2014, and that the application for it was filed on September 14, 2012, and claims the benefit of priority to the provisional applications and filing dates identified in Paragraph 97 of the Complaint. Riot lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 97 and, on that basis, denies them.

98.     Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 of the Complaint and, on that basis, denies them.

99.     Riot admits that U.S. Patent No. 8,806,197 is entitled "Accelerated Verification of Digital Signatures and Public Keys," was issued on August 12, 2014, and that the application for it was filed on May 23, 2012, and claims the benefit of priority to the provisional applications and filing dates identified in Paragraph 99 of the Complaint. Riot lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 99 and, on that basis, denies them.

100.    Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 of the Complaint and, on that basis, denies them.

101.    Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 of the Complaint and, on that basis, denies them.

102.    Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 of the Complaint and, on that basis, denies them.

103.    Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 of the Complaint and, on that basis, denies them.

104.    Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 of the Complaint and, on that basis, denies them.

105.    Riot admits that the language quoted in Paragraph 105 appears in U.S. Patent No. 8,788,827. Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105 of the Complaint and, on that basis, denies them.

106.    Riot admits that the language quoted in Paragraph 106 appears in U.S. Patent No. 8,788,827. Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 of the Complaint and, on that basis, denies them.

107.    Riot admits that the language quoted in Paragraph 107 appears in U.S. Patent No. 8,788,827. Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 of the Complaint and, on that basis, denies them.

108.    Riot admits that the language quoted in Paragraph 108 appears in U.S. Patent No. 8,788,827. Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 of the Complaint and, on that basis, denies them.

109.    Riot admits that the language quoted in Paragraph 109 appears in U.S. Patent No. 8,788,827. Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 of the Complaint and, on that basis, denies them.

110.    Riot admits that the language quoted in Paragraph 110 appears in U.S. Patent No. 8,788,827. Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 of the Complaint and, on that basis, denies them.

111.    Riot admits that the language quoted in Paragraph 111 appears in U.S. Patent No. 8,788,827. Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 of the Complaint and, on that basis, denies them.

112.    Riot admits that the language quoted in Paragraph 112 appears in U.S. Patent No. 8,788,827. Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112 of the Complaint and, on that basis, denies them.

113.    Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 of the Complaint and, on that basis, denies them.

114.    Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 of the Complaint and, on that basis, denies them.

### The'062 Patent

115.    Riot incorporates its preceding responses herein.

116.    Riot admits that U.S. Patent No. 8,666,062 is entitled "Method and Apparatus for Performing Finite Field Calculations," was issued on March 4, 2014, and that the application for it was filed on April 11, 2008, and claims the benefit of priority to the provisional applications and filing dates identified in Paragraph 116 of the Complaint. Riot denies the remaining allegations in Paragraph 116 of the Complaint.

117.    Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 of the Complaint and, on that basis, denies them.

118.    Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118 of the Complaint and, on that basis, denies them.

119.    Riot admits that the language quoted in Paragraph 119 appears in U.S. Patent No. 8,666,062. Riot denies the remaining allegations in Paragraph 119 of the Complaint.

120.    Riot admits that the language quoted in Paragraph 120 appears in U.S. Patent No. 8,666,062. Riot denies the remaining allegations in Paragraph 120 of the Complaint.

121.    Riot admits that the language quoted in Paragraph 121 appears in U.S. Patent No. 8,666,062. Riot denies the remaining allegations in Paragraph 121 of the Complaint.

122.    Riot admits that the language quoted in Paragraph 122 appears in U.S. Patent No. 8,666,062. Riot denies the remaining allegations in Paragraph 122 of the Complaint.

123.    Riot admits that the language quoted in Paragraph 123 appears in U.S. Patent No. 8,666,062. Riot denies the remaining allegations in Paragraph 123 of the Complaint.

124.    Riot admits that the language quoted in Paragraph 124 appears in U.S. Patent No. 8,666,062. Riot denies the remaining allegations in Paragraph 124 of the Complaint.

125.    Riot admits that the language quoted in Paragraph 125 appears in U.S. Patent No. 8,666,062. Riot denies the remaining allegations in Paragraph 125 of the Complaint.

126.    Riot admits that the language quoted in Paragraph 126 appears in U.S. Patent No. 8,666,062. Riot denies the remaining allegations in Paragraph 126 of the Complaint.

127.    Riot admits that the language quoted in Paragraph 127 appears in U.S. Patent No. 8,666,062. Riot denies the remaining allegations in Paragraph 127 of the Complaint.

### The '286 Patent

128.    Riot incorporates its preceding responses herein.

129.    Riot admits that U.S. Patent No. 8,532,286 is entitled "Improved Modular Reduction in Montgomery-Style Modular Multiplication," and that the application for U.S. Patent No. 8,532,286 was filed on July 19, 2010, and claims the benefit of priority to the provisional applications and filing dates identified in Paragraph 129 of the Complaint. Riot denies the remaining allegations in Paragraph 129 of the Complaint.

130.    Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130 of the Complaint and, on that basis, denies them.

131.    Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131 of the Complaint and, on that basis, denies them.

132.    Riot admits that the language quoted in Paragraph 132 appears in U.S. Patent No. 8,532,286. Riot denies the remaining allegations in Paragraph 132 of the Complaint.

133.    Riot admits that the language quoted in Paragraph 133 appears in U.S. Patent No. 8,532,286. Riot denies the remaining allegations in Paragraph 133 of the Complaint.

134.    Riot admits that the language quoted in Paragraph 134 appears in U.S. Patent No. 8,532,286. Riot denies the remaining allegations in Paragraph 134 of the Complaint.

135.    Riot admits that the language quoted in Paragraph 135 appears in U.S. Patent No. 8,532,286. Riot denies the remaining allegations in Paragraph 135 of the Complaint.

136.    Riot admits that the language quoted in Paragraph 136 appears in U.S. Patent No. 8,532,286. Riot denies the remaining allegations in Paragraph 136 of the Complaint.

137.    Riot admits that the language quoted in Paragraph 137 appears in U.S. Patent No. 8,532,286. Riot denies the remaining allegations in Paragraph 137 of the Complaint.

138.    Riot admits that the language quoted in Paragraph 138 appears in U.S. Patent No. 8,532,286. Riot denies the remaining allegations in Paragraph 138 of the Complaint.

139.   Riot admits that the language quoted in Paragraph 139 appears in U.S. Patent No. 8,532,286. Riot denies the remaining allegations in Paragraph 139 of the Complaint.

**The'039 Patent**

140.   Riot incorporates its preceding responses herein.

141.   Riot admits that U.S. Patent No. 8,712,039, entitled "Improved Hash Processing Using Instruction-Level Parallelism," is referred to in the Complaint as the "Improved Hash Processing" patent, and that the application for that patent was filed, and the patent was issued, on the dates set forth in Paragraph 141 of the Complaint. Riot admits that the language quoted in Paragraph 141 appears in the '039 Patent. Riot denies the remaining allegations in Paragraph 141 of the Complaint.

142.   Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142 of the Complaint and, on that basis, denies them.

143.   Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143 of the Complaint and, on that basis, denies them.

144.   Riot admits that the language quoted in Paragraph 144 appears in U.S. Patent No. 8,712,039. Riot denies the remaining allegations in Paragraph 144 of the Complaint.

145.   Riot admits that the language quoted in Paragraph 145 appears in U.S. Patent No. 8,712,039. Riot denies the remaining allegations in Paragraph 145 of the Complaint.

**JURISDICTION AND VENUE**

146.   Riot incorporates its preceding responses herein.

147.   Riot admits that this is a civil action for patent infringement arising under the patent laws of the United States and that the Court has subject matter jurisdiction. To the extent not expressly admitted herein, Riot denies any other allegations in Paragraph 147 of the Complaint.

148.    Riot admits that this Court has personal jurisdiction over it, but denies that it has infringed Plaintiffs' patents or committed any acts within the State of Texas that would give rise to this claims asserted in this lawsuit. To the extent not expressly admitted herein, Riot denies any other allegations in Paragraph 148 of the Complaint.

149.    Riot admits that, through its subsidiaries, it operates two bitcoin mining facilities in Texas, one of which is in the Western District of Texas, and that Riot is a member of the Foundry USA Pool. Riot lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 149 of the Complaint and, on that basis, denies them.

150.    Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150 of the Complaint and, on that basis, denies them.

151.    Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151 of the Complaint and, on that basis, denies them.

152.    Riot admits that Riot, through its subsidiaries owns and operates bitcoin mining facilities in Rockdale and Corsicana, Texas. To the extent that Paragraph 152 contains allegations regarding publicly available documents, Riot admits that such documents exist but denies Plaintiffs' characterization of them and any and all allegations or implications of Riot's infringement or wrongdoing. To the extent not expressly admitted herein, Riot denies any other allegations in Paragraph 152 of the Complaint.

153.    Riot admits it is a member of the Texas Blockchain Council. To the extent that Paragraph 153 contains allegations regarding publicly available documents, Riot admits that such documents exist but denies Plaintiffs' characterization of them and any and all allegations or implications of Riot's infringement or wrongdoing. Riot further denies the remaining allegations in Paragraph 153 of the Complaint.

154.    Riot denies that it has infringed any of the Asserted Patents. Paragraph 154 contains conclusions of law to which no response is required. To the extent a response is required, Riot denies the allegations in Paragraph 154 of the Complaint.

155.    Riot admits that this Court has personal jurisdiction over it.

156.    Riot admits that venue is proper in this District.

157.    Paragraph 157 contains conclusions of law to which no response is required. To the extent a response is required, Riot admits that it operates a bitcoin mining facility in this District through its subsidiary Whinstone US, Inc. Riot denies all allegations and implications of patent infringement and denies all remaining allegations in Paragraph 157.

## JOINDER

158.    Riot incorporates its preceding responses herein.

159.    Riot denies the allegations in Paragraph 159 of the Complaint.

160.    Riot denies the allegations in Paragraph 160 of the Complaint.

## FIRST CLAIM

### (Infringement of the '827 Patent)

161.    Riot incorporates its preceding responses herein.

162.    Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162 of the Complaint and, on that basis, denies them.

163.    Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163 of the Complaint and, on that basis, denies them.

164.    Riot admits it received a letter from Plaintiffs dated March 28, 2025, alleging patent infringement of U.S. Patent No. 8,788,827. Riot denies all remaining allegations in Paragraph 164 of the Complaint.

165. Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 165 of the Complaint and, on that basis, denies them.

166. Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166 of the Complaint and, on that basis, denies them.

167. Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167 of the Complaint and, on that basis, denies them.

168. Paragraph 168 contains conclusions of law to which no response is required. To the extent a response is required, Riot denies the allegations in Paragraph 168 of the Complaint.

169. Paragraph 169 contains conclusions of law to which no response is required. To the extent a response is required, Riot denies the allegations in Paragraph 169 of the Complaint.

## SECOND CLAIM

### (Infringement of the '197 Patent)

170. Riot incorporates its preceding responses herein.

171. Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171 of the Complaint and, on that basis, denies them.

172. Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 172 of the Complaint and, on that basis, denies them.

173. Riot admits it received a letter from Plaintiffs dated March 28, 2025 alleging patent infringement of U.S. Patent No. 8,806,197. Riot denies all remaining allegations in Paragraph 173 of the Complaint.

174. Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174 of the Complaint and, on that basis, denies them.

175. Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 175 of the Complaint and, on that basis, denies them.

176. Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 176 of the Complaint and, on that basis, denies them.

177. Paragraph 177 contains conclusions of law to which no response is required. To the extent a response is required, Riot denies the allegations in Paragraph 177 of the Complaint.

178. Paragraph 178 contains conclusions of law to which no response is required. To the extent a response is required, Riot denies the allegations in Paragraph 178 of the Complaint.

## THIRD CLAIM

### (Infringement of the '062 Patent)

179. Riot incorporates its preceding responses herein.

180. Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 180 of the Complaint and, on that basis, denies them.

181. Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 181 of the Complaint and, on that basis, denies them.

182. Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 182 of the Complaint and, on that basis, denies them.

## FOURTH CLAIM

### (Infringement of the '286 Patent)

183. Riot incorporates its preceding responses herein.

184. Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 184 of the Complaint and, on that basis, denies them.

**RIOT'S ANSWER TO COMPLAINT AND COUNTERCLAIMS**                    **PAGE 22**

185. Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 185 of the Complaint and, on that basis, denies them.

186. Riot admits it received a letter from Plaintiffs dated March 28, 2025 alleging patent infringement of U.S. Patent No. 8,532,286. Riot denies all remaining allegations in Paragraph 186 of the Complaint.

187. Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 187 of the Complaint and, on that basis, denies them.

188. Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 188 of the Complaint and, on that basis, denies them.

189. Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 189 of the Complaint and, on that basis, denies them.

190. Paragraph 190 contains conclusions of law to which no response is required. To the extent a response is required, Riot denies the allegations in Paragraph 190 of the Complaint.

191. Paragraph 191 contains conclusions of law to which no response is required. To the extent a response is required, Riot denies the allegations in Paragraph 191 of the Complaint.

## FIFTH CLAIM

### (Infringement of the '039 Patent)

192. Riot incorporates its preceding responses herein.

193. Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 193 of the Complaint and, on that basis, denies them.

194. Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 194 of the Complaint and, on that basis, denies them.

195.     Riot admits it received a letter from Plaintiffs dated March 28, 2025 alleging patent infringement of U.S. Patent No. 8,712,039. Riot denies all remaining allegations in Paragraph 195 of the Complaint.

196.     Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 196 of the Complaint and, on that basis, denies them.

197.     Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 197 of the Complaint and, on that basis, denies them.

198.     Paragraph 198 contains conclusions of law to which no response is required. To the extent a response is required, Riot denies the allegations in Paragraph 198 of the Complaint.

199.     Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 199 of the Complaint and, on that basis, denies them.

200.     Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 200 of the Complaint and, on that basis, denies them.

201.     Riot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 201 of the Complaint and, on that basis, denies them.

202.     Paragraph 202 contains conclusions of law to which no response is required. To the extent a response is required, Riot denies the allegations in Paragraph 202 of the Complaint.

## [PLAINTIFFS'] PRAYER FOR RELIEF

Riot denies all remaining allegations not specifically admitted herein. Riot further denies that Plaintiffs are entitled to any damages or injunctive relief.

## DEMAND FOR JURY TRIAL

Riot demands a trial by jury for all issues so triable.

## GENERAL DENIAL

Riot further denies each and every allegation contained in the Complaint to which Riot has not specifically admitted, denied, or otherwise responded to herein. Riot also denies that any form of relief in the prayer for relief in the Complaint is warranted.

## AFFIRMATIVE DEFENSES

Subject to its responses above, and upon information and belief, Riot asserts the following affirmative defenses in response to the allegations in the Complaint. Riot specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery or further investigation.

## FIRST AFFIRMATIVE DEFENSE

### (Invalidity of the Asserted Patents)

The Asserted Patents, including U.S. Patent Nos. 8,788,827, 8,806,197, 8,532,286, and 8,712,039, and their asserted claims are invalid for failing to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including, without limitation, sections 101, 102, 103, and 112.

## SECOND AFFIRMATIVE DEFENSE

### (Equitable Doctrines)

Plaintiffs' claims are barred by one or more of the doctrines of waiver, acquiescence, estoppel (including without limitation equitable estoppel and prosecution history estoppel), unenforceability, and unclean hands.

## RESERVATION OF RIGHTS

Riot expressly reserves the right to assert any other legal or equitable defenses to which they are shown to be entitled, including all affirmative defenses under Rule 8(c) of the Federal

**RIOT'S ANSWER TO COMPLAINT AND COUNTERCLAIMS**                                    **PAGE 25**

Rules of Civil Procedure, the Patent Laws of the United States, and other defenses that may now

exist or in the future be available based on discovery or further factual investigation in this case.

## COUNTERCLAIMS

Riot repeats and realleges the allegations provided in its Answer to Plaintiffs' Complaint as though fully set forth herein. Riot further alleges as follows:

## PARTIES

1.      On information and belief, Plaintiff and Counterclaim-Defendant Malikie Innovations Ltd. ("Malikie") is an Irish entity with registered offices at The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland.

2.      On information and belief, Plaintiff and Counterclaim-Defendant Key Patent Innovations Ltd. ("KPI") is an Irish entity with registered offices at The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland.

3.      Defendant and Counterclaim-Plaintiff Riot Platforms, Inc. is a Nevada company with its principal place of business located at 3855 Ambrosia Street, Suite 301, Castle Rock, CO 80109.

## JURISDICTION AND VENUE

4.      This Court has personal jurisdiction over Counterclaim-Defendants because they have consented to the exercise of such jurisdiction by filing their Complaint for patent infringement against Riot and its co-Defendants in this Court.

5.      This Court has subject matter jurisdiction over these counterclaims because they arise under the Federal Declaratory Judgments Act, Title 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 28 U.S.C. § 1338(a).

6.      By filing its claims for patent infringement against Riot and its co-Defendants in this Court, Plaintiffs have consented to the propriety of venue over these counterclaims.

**RIOT'S ANSWER TO COMPLAINT AND COUNTERCLAIMS**                    **PAGE 27**

7.    In their complaint, Plaintiffs accuse Riot of infringement of U.S. Patent Nos. 8,788,827; 8,806,197; 8,532,286; and 8,712,039 (the "Asserted Patents").

8.    Riot has not infringed any of the Asserted Patents, whether directly, indirectly, contributorily, through the doctrine of equivalents, or otherwise.

9.    Consequently, as a result of at least the allegations in Plaintiffs' Complaint, an immediate, real, and justiciable controversy exists between Riot and Plaintiffs as to whether Riot infringes the Asserted Patents.

## FIRST COUNTERCLAIM

### (Declaration of Non-Infringement of U.S. Patent No. 8,788,827)

10.    Riot repeats and realleges the allegations in Paragraphs 1-9 of its Counterclaims as though fully set forth herein.

11.    Riot has not infringed and does not infringe any claim of the '827 Patent, either literally or under the Doctrine of Equivalents.

12.    A judicial declaration is necessary to resolve the actual controversy that exists between Riot and Plaintiffs and to determine the parties' respective rights regarding the '827 Patent. Absent a declaration of non-infringement, Plaintiffs will continue to wrongfully assert the '827 Patent against Riot, thereby causing Riot irreparable injury and damage.

13.    Riot thus seeks a judgment declaring that it does not infringe, either literally or under the Doctrine of Equivalents, any claims of the '827 Patent.

## SECOND COUNTERCLAIM

### (Declaration of Non-Infringement of U.S. Patent No. 8,806,197)

14.    Riot repeats and realleges all preceding allegations in its Counterclaims as though fully set forth herein.

15.    Riot has not infringed and does not infringe any claim of the '197 Patent, either literally or under the Doctrine of Equivalents.

16.    A judicial declaration is necessary to resolve the actual controversy that exists between Riot and Plaintiffs and to determine the parties' respective rights regarding the '197 Patent. Absent a declaration of non-infringement, Plaintiffs will continue to wrongfully assert the '197 Patent against Riot, thereby causing Riot irreparable injury and damage.

17.    Riot thus seeks a judgment declaring that it does not infringe, either literally or under the Doctrine of Equivalents, any claims of the '197 Patent.

### THIRD COUNTERCLAIM

**(Declaration of Non-Infringement of U.S. Patent No. 8,532,286)**

18.    Riot repeats and realleges all preceding allegations in its Counterclaims as though fully set forth herein.

19.    Riot has not infringed and does not infringe any claim of the '286 Patent, either literally or under the Doctrine of Equivalents.

20.    A judicial declaration is necessary to resolve the actual controversy that exists between Riot and Plaintiffs and to determine the parties' respective rights regarding the '286 Patent. Absent a declaration of non-infringement, Plaintiffs will continue to wrongfully assert the '286 Patent against Riot, thereby causing Riot irreparable injury and damage. A judicial declaration is also reasonably calculated to prevent needless litigation.

21.    Riot thus seeks a judgment declaring that it does not infringe, either literally or under the Doctrine of Equivalents, any claims of the '286 Patent.

### FOURTH COUNTERCLAIM

**(Declaration of Non-Infringement of U.S. Patent No. 8,712,039)**

22.     Riot repeats and realleges all preceding allegations in its Counterclaims as though fully set forth herein.

23.     Riot has not infringed and does not infringe any claim of the '039 Patent, either literally or under the Doctrine of Equivalents.

24.     A judicial declaration is necessary to resolve the actual controversy that exists between Riot and Plaintiffs and to determine the parties' respective rights regarding the '039 Patent. Absent a declaration of non-infringement, Plaintiffs will continue to wrongfully assert the '039 Patent against Riot, thereby causing Riot irreparable injury and damage. A judicial declaration is also reasonably calculated to prevent needless litigation.

25.     Riot thus seeks a judgment declaring that it does not infringe, either literally or under the Doctrine of Equivalents, any claims of the '039 Patent.

## DEMAND FOR A JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Counterclaim-Plaintiff Riot Platforms, Inc. respectfully demands a jury of all issues triable to a jury in this action.

## PRAYER FOR RELIEF

Counterclaim-Plaintiff Riot Platforms, Inc. respectfully requests that the Court enter judgment in its favor and grant the following relief:

A.     That Plaintiffs take nothing by their Complaint and that their claims against Riot be dismissed with prejudice;

B.     That judgment be entered finding that Riot has not infringed and does not infringe any valid and enforceable claim of the Asserted Patents, either literally or under the Doctrine of Equivalents;

C.     A judgment that the asserted claims of the Asserted Patents are invalid;

**RIOT'S ANSWER TO COMPLAINT AND COUNTERCLAIMS**                              **PAGE 30**

D.    An order declaring that Riot is the prevailing party and that this is an exceptional case, awarding Riot its costs, expenses, and reasonable attorney's fees under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

E.    That Riot be granted such other and additional relief as this Court deems just and proper.


Dated: February 27, 2026                          Respectfully submitted,

                                                  /s/ Justin S. Cohen
                                                  Justin S. Cohen
                                                  State Bar No. 24078356
                                                     justin.cohen@hklaw.com
                                                  Robert S. Hill
                                                  State Bar No. 276056
                                                     robert.hill@@hklaw.com
                                                  Morgan Delabar
                                                  State Bar No. 24116625
                                                     morgan.delabar@hklaw.com
                                                  **HOLLAND & KNIGHT LLP**
                                                  One Arts Plaza
                                                  1722 Routh Street, Suite 1500
                                                  Dallas, Texas 75201
                                                  214.969.1700
                                                  214.969.1751 (fax)

                                                  Amy Simpson (*Pro Hac Vice*)
                                                  CA Bar No. 241090
                                                     amy.sinpson@hklaw.com
                                                  **HOLLAND & KNIGHT LLP**
                                                  1901 Avenue of the Stars, Suite 1200
                                                  Los Angeles, California 90067
                                                  Phone: 310-201-8922
                                                  Fax: 310-201-8922

                                                  *Attorneys for Defendant, Riot Platforms, Inc.*


**RIOT'S ANSWER TO COMPLAINT AND COUNTERCLAIMS**                          **PAGE 31**

**CERTIFICATE OF SERVICE**

I hereby certify that on February 27, 2026, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

<u>/s/ Justin S. Cohen</u>
Justin S. Cohen