IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| MALIKIE INNOVATIONS LTD. AND KEY PATENT INNOVATIONS LTD., <br><br> Plaintiffs, <br><br> v. <br><br> FOUNDRY DIGITAL LLC, FORTITUDE MINING, LLC, RIOT PLATFORMS, INC. AND CIPHER DIGITAL INC. F/K/A/ CIPHER MINING INC., <br><br> Defendants. | NO. 7:25-CV-00567-DC-DTG <br><br> JURY TRIAL DEMANDED |

**JOINT RULE 26(F) REPORT**

Pursuant to the Cour's Order Setting Initial Pretrial Conference (Dkt. No. 49), Fed. R. Civ. P. 26(f), and L.R. CV-16, Plaintiffs Malikie Innovations Ltd. and Key Patent Innovations Ltd. ("Plaintiffs") and Defendants Foundry Digital LLC ("Foundry"), Fortitude Mining, LLC ("Fortitude"), Riot Platforms, Inc. ("Riot"), and Cipher Digital Inc. f/k/a Cipher Mining Inc. ("Cipher") (collectively, "Defendants") jointly submit their report of the Rule 26(f) Conference.

1. *Are there any outstanding jurisdictional issues?*

    **ASNWER:** Fortitude and Foundry's motions to dismiss for improper venue are pending.

2. *Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?*

    **ASNWER:** There are no unserved parties.

3. *What are the causes of action, defenses, and counterclaims pled?*

    **ASNWER:** This is a patent infringement case where Plaintiffs allege that Defendants infringe U.S. Patent Nos. U.S. Patent Nos. 8,788,827 (the "'827 Patent"); 8,806,197 (the "'197

Patent"); 8,666,062 (the "'062 Patent"); 8,532,286 (the "'286 Patent"); and 8,712,039 (the "'039 Patent") (collectively, the "Asserted Patents"). *See* Dkt. 1 (Complaint).

Fortitude, Foundry, and Cipher have each filed a motion to dismiss and have not yet answered to assert any defenses or counterclaims. Riot has asserted counterclaims of non-infringement.

4. ***Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?***

There are no agreements or stipulations between the Parties at this time, but the Parties will continue to meet and confer on potential agreements and/or stipulations as the case progresses.

5. ***State the parties' views and proposals on all items identified in Fed. R. Civ. P. 26(f)(3).***

> ***Rule 26(f)(3)(A):*** *what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.*

**ANSWER**: The parties agree that these issues are generally addressed by the parties' jointly proposed schedule.

> ***Rule 26(f)(3)(B):*** *the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.*

**ANSWER**: The subjects on which discovery may be needed are outlined below in the answer to Question 6. The parties agree that discovery timing is generally addressed by the jointly proposed schedule.

> ***Rule 26(f)(3)(C):*** *any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.*

**ANSWER**: The Parties are not aware of any such issues at this time.

> ***Rule 26(f)(3)(D):*** *any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.*

> ANSWER: The Parties intend to address this issue as a part of submitting a proposed protective order for approval by the Court.
>
> ***Rule 26(f)(3)(E):*** *what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.*
>
> ANSWER: The Parties have no changes or limitations to propose at this time.
>
> ***Rule 26(f)(3)(F):*** *any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).*
>
> ANSWER: The Parties do not propose any such order at this time.

6. ***What, if any, discovery has been completed? What discovery remains to be done? Have the parties considered conducting discovery in phases?***

No discovery has been completed at this time. Venue discovery is open with respect to Fortitude and Foundry's motions to dismiss for improper venue.

The parties anticipate that discovery may be needed on subjects including, but not limited to: the claims, counterclaims, and affirmative defenses in the parties' pleadings, including specifically claim construction, infringement/non-infringement, and invalidity/validity of the asserted patents, as well as various other related issues, such as the accused products, damages, and willfulness. Discovery should be completed in line with the proposed Scheduling Order.

7. ***What, if any, discovery disputes exist?***

> ANSWER: The Parties are not aware of any discovery disputes at this time.

8. ***Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?***

> ANSWER: The parties intend to address this issue as a part of submitting a proposed protective order for approval by the Court.

9. *Have the parties discussed mediation?*

**ANSWER:** The Parties have not yet discussed mediation but are open to considering whether mediation is appropriate as the case develops.

10. *Are there any pending motions, and if so, does either party desire a hearing?*

**ANSWER**: The following motions are currently pending:

- Cipher's Motion to Dismiss Pursuant to Rule 12(b)(6) (Dkt. 42) is pending.

- Fortitude's Rule 12(b)(3) Motion to Dismiss for Improper Venue (Dkt. 43) is pending.

- Foundry's Rule 12(b)(3) Motion to Dismiss for Improper Venue (Dkt. 44) is pending.

11. *Have the parties considered seeking entry of a confidentiality and protective order?*

**ANSWER:** The Parties believe that a protective order is required in this case and that the protective order in Appendix H-1 (to govern standard cases) or Appendix H-2 (to govern complex cases) of this Court's Local Rules would need to be revised to adapt to needs of this case. The Parties intend to submit a proposed protective order for the Court's review.

Dated: March 12, 2026

Respectfully submitted,

/s/ *Philip J. Eklem*
Khue V. Hoang
Patrick Colsher
**REICHMAN JORGENSEN LEHMAN &
    FELDBERG LLP**
650 Fifth Avenue, Suite 2320
New York, NY 10019
Tel: (212) 381-1965
khoang@reichmanjorgensen.com
pcolsher@reichmanjorgensen.com

Matthew G. Berkowitz
Michael Polka
**REICHMAN JORGENSEN LEHMAN &
    FELDBERG LLP**
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Tel: (650) 623-1401
mberkowitz@reichmanjorgensen.com
mpolka@reichmanjorgensen.com

Philip J. Eklem
**REICHMAN JORGENSEN LEHMAN &
    FELDBERG LLP**
1909 K Street, NW, Suite 800
Washington, DC 20006
Tel: (202) 894-7310
peklem@reichmanjorgensen.com

*Of Counsel*:

Mark D. Siegmund, TX Bar No. 24117055
**Cherry Johnson Siegmund James, PC**
7901 Fish Pond Rd., 2nd Floor
Waco, TX 76710
Telephone: (254) 732-2242
Facsimile: (866) 627-3509
Email: msiegmund@cjsjlaw.com

*Attorneys for Plaintiffs Malikie Innovations Ltd. and Key Patent Innovations Ltd.*

Respectfully submitted,

*/s/ Justin S. Cohen*
Justin S. Cohen
State Bar No. 24078356
  justin.cohen@hklaw.com
Robert S. Hill
State Bar No. 276056
  robert.hill@@hklaw.com
Morgan Delabar
State Bar No. 24116625
  morgan.delabar@hklaw.com
**HOLLAND & KNIGHT LLP**
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, Texas 75201
214.969.1700
214.969.1751 (fax)

Amy Simpson (*admitted pro hac vice*)
CA State Bar No. 241090
  amy.simpson@hklaw.com
**HOLLAND & KNIGHT LLP**
1901 Avenue of the Stars, Suite 1200
Los Angeles, CA 90067
310.201.8900

Deron R. Dacus
State Bar No. 00790553
  ddacus@dacusfirm.com
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suire 430
Tyler, Texas 75701
903.705.1117

*Attorneys for Defendants, Foundry Digital, LLC, Fortitude Mining LLC, Riot Platforms, Inc.*

/s/ *Andrew J. Danford*
John V. Hobgood (*pro hac vice*)
Andrew J. Danford (*pro hac vice*)
Wilmer Cutler Pickering Hale and
Dorr LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000
john.hobgood@wilmerhale.com
andrew.danford@wilmerhale.com

Benjamin S. Fernandez (*pro hac vice*)
Wilmer Cutler Pickering Hale and
Dorr LLP
1225 17th Street, Suite 2600
Denver, Colorado 80202
(720) 274-3163
ben.fernandez@wilmerhale.com

Laura E. Powell (*pro hac vice*)
Wilmer Cutler Pickering Hale and
Dorr LLP
2100 Pennsylvania Avenue, NW
Washington, DC 20037
(202) 663-6294
laura.powell@wilmerhale.com

Melissa R. Smith
Texas State Bar No. 24001351
Gillam & Smith LLP
303 South Washington Avenue
Marshall, Texas 75670
(903) 934-8450
melissa@gillamsmithlaw.com

*Attorneys for Defendant Cipher Digital Inc.*

## CERTIFICATE OF SERVICE

    I hereby certify that all counsel of record are being served with a copy of the foregoing document via the Court's CM/ECF system on March 12, 2026.

                                                         */s/ Mark D. Siegmund*
                                                         Mark D. Siegmund