IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

|  |  |
|---|---|
| MALIKIE INNOVATIONS LTD. AND KEY PATENT INNOVATIONS LTD., <br><br> Plaintiffs, <br><br> v. <br><br> FOUNDRY DIGITAL LLC, FORTITUDE MINING, LLC, RIOT PLATFORMS, INC. AND CIPHER DIGITAL INC. F/K/A/ CIPHER MINING INC., <br><br> Defendants. | NO. 7:25-CV-00567-DC-DTG <br><br> JURY TRIAL DEMANDED |

## **SCHEDULING ORDER**

On March 24, 2026, the Court conducted a conference in the above entitled and numbered case. All parties appeared through counsel. As a result of such hearing, and pursuant to Rule 16 of the Federal Rules of Civil Procedure, the Court **ORDERS** that the following schedule will govern deadlines up to and including the trial of this matter:

| Date | Event |
|---|---|
| February 27, 2026 | Venue discovery opens related to motions to dismiss for improper venue by Fortitude and Foundry. |
| March 17, 2026 | Plaintiffs serve preliminary[1] infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found. Plaintiffs shall also identify the earliest priority date (i.e., the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit. |

---

[1] The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those

| April 7, 2026 | The Parties shall file a motion to enter an agreed Scheduling Order. If the parties cannot agree, the parties shall submit a separate Joint Motion for entry of Scheduling Order briefly setting forth their respective positions on items where they cannot agree. Absent agreement of the parties, the Plaintiffs shall be responsible for the timely submission of this and other Joint filings. |
|---|---|
| April 10, 2026 | Deadline to file a motion to transfer. After this deadline, movants must seek leave of Court and show good cause for the delay. |
| May 12, 2026 | Defendants serve preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendants contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendants contend are directed to ineligible subject matter under section 101. Defendants shall also produce (1) all prior art referenced in the invalidity contentions, and (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s). <br><br> Venue discovery closes. |
| May 26, 2026 | Parties exchange claim terms for construction. |
| June 9, 2026 | Parties exchange proposed claim constructions. |
| June 16, 2026 | Parties disclose extrinsic evidence. The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony.[2] With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. |
| June 23, 2026 | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. |

preliminary contentions were served and should do so seasonably upon identifying any such material. Any amendment to add patent claims requires leave of court so that the Court can address any scheduling issues.

[2] Any party may utilize a rebuttal expert in response to a brief where expert testimony is relied upon by the other party.

| June 30, 2026 | Defendants file Opening claim construction brief, including any arguments that any claim terms are indefinite. |
|---|---|
| July 21, 2026 | Plaintiffs file Responsive claim construction brief |
| August 4, 2026 | Defendants file Reply claim construction brief. |
| August 4, 2026 | Parties to jointly email the law clerks (*see* OGP at 1) to confirm their *Markman* date and to notify if any venue or jurisdictional motions remain unripe for resolution. |
| August 18, 2026 | Plaintiffs file a Sur-Reply claim construction brief. |
| August 21, 2026 | Parties submit Joint Claim Construction Statement and email the law clerks an editable copy.<br><br>*See* General Issues Note #9 regarding providing copies of the briefing to the Court and the technical advisor (if appointed). |
| August 25, 2026 | Parties submit optional technical tutorials to the Court and technical advisor (if appointed). |
| September 1, 2026[3] | *Markman* Hearing at 9:00 a.m. This date is a placeholder and the Court may adjust this date as the *Markman* hearing approaches. |
| September 2, 2026 | Fact Discovery opens; deadline to serve Initial Disclosures per Rule 26(a). |
| October 13, 2026 | Deadline to add parties. |
| October 27, 2026 | Deadline to serve Final Infringement and Invalidity Contentions. After this date, leave of Court is required for any amendment to infringement or invalidity contentions. This deadline does not relieve the parties of their obligation to seasonably amend if new information is identified after initial contentions. |
| December 22, 2026 | Deadline to amend pleadings. A motion is not required unless the amendment adds patents or patent claims. (Note: This includes amendments in response to a 12(c) motion.) |

---

[3] All deadlines hereafter follow the original *Markman* hearing date and do not change if the Court delays the *Markman* hearing.

| | |
|---|---|
| March 2, 2027 | Deadline for the first of two meet and confers to discuss significantly narrowing the number of claims asserted and prior art references at issue. Unless the parties agree to the narrowing, they are ordered to contact the Court's law clerk to arrange a teleconference with the Court to resolve the disputed issues. |
| March 30, 2027 | Close of Fact Discovery. |
| April 16, 2027 | Opening Expert Reports. |
| May 18, 2027 | Rebuttal Expert Reports. |
| June 1, 2027 | Deadline for the second of two meet and confers to discuss narrowing the number of claims asserted and prior art references at issue to triable limits. If it helps the parties determine these limits, the parties are encouraged to contact the Court's law clerk for an estimate of the amount of trial time anticipated per side. The parties shall file a Joint Report within 5 business days regarding the results of the meet and confer. |
| June 16, 2027 | Close of Expert Discovery |
| June 30, 2027 | Dispositive motion deadline and Daubert motion deadline.<br><br>See General Issues Note #9 regarding providing copies of the briefing to the Court and the technical advisor (if appointed).<br><br>Deadline for parties desiring to consent to trial before the magistrate judge to submit Form AO 85, "Notice, Consent, And Reference Of A Civil Action To A Magistrate Judge," available at https://www.uscourts.gov/forms/civil-forms/notice-consent-and-reference-civil-action-magistrate-judge. |
| July 15, 2027 | Serve Pretrial Disclosures (jury instructions, exhibits lists, witness lists, deposition designations) |
| July 29, 2027 | Serve objections to pretrial disclosures/rebuttal disclosures. |
| July 29, 2027 | Parties to jointly email the Court's law clerk (See OGP at 1) to confirm their pretrial conference and trial dates. |
| August 5, 2027 | Serve objections to rebuttal disclosures; file motions in *limine*. |

| | |
|---|---|
| August 12, 2027 | File Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibits lists, witness lists, deposition designations); file oppositions to motions in *limine* .<br><br>From this date onwards, the parties are obligated to notify the Court of any changes to the asserted patents or claims. Such notification shall be filed on the docket within seven (7) days of the change and shall include a complete listing of all asserted patents and claims. If a change to the asserted patents or claims requires leave of court (for example, if a party is moving for leave to assert additional claims), notification shall not be required until the Court grants leave, at which point the notification must be filed within seven (7) days. |
| August 19, 2027 | File Notice of Request for Daily Transcript or Real Time Reporting. If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and email the Court Reporter, Kristie Davis at kmdaviscsr@yahoo.com<br><br>Deadline to file replies to motions *in limine*. |
| August 26, 2027 | Deadline to meet and confer regarding remaining objections and disputes on motions in *limine*. |
| September 1, 2027 | File joint notice identifying remaining objections to pretrial disclosures and disputes on motions in *limine*. |
| September 7, 2027 | Final Pretrial Conference. Held in person unless otherwise requested. |
| October 1, 2027[4] | Jury Selection/Trial. |

SIGNED this _____ day of _____ , 20____.

_____

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE

---

[4] If the actual trial date materially differs from the Court's default schedule, the Court will consider reasonable amendments to the case schedule post-*Markman* that are consistent with the Court's default deadlines in light of the actual trial date.

AGREED:

By:_/s/ *Philip J. Eklem*_____
Khue V. Hoang
Patrick Colsher
**REICHMAN JORGENSEN LEHMAN &**
  **FELDBERG LLP**
650 Fifth Avenue, Suite 2320
New York, NY 10019
Tel: (212) 381-1965
khoang@reichmanjorgensen.com
pcolsher@reichmanjorgensen.com

Matthew G. Berkowitz
Michael Polka
**REICHMAN JORGENSEN LEHMAN &**
  **FELDBERG LLP**
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Tel: (650) 623-1401
mberkowitz@reichmanjorgensen.com
mpolka@reichmanjorgensen.com

Philip J. Eklem
**REICHMAN JORGENSEN LEHMAN &**
  **FELDBERG LLP**
1909 K Street, NW, Suite 800
Washington, DC 20006
Tel: (202) 894-7310
peklem@reichmanjorgensen.com

*Of Counsel*:

Mark D. Siegmund, TX Bar No. 24117055
**Cherry Johnson Siegmund James, PC**
7901 Fish Pond Rd., 2nd Floor
Waco, TX 76710
Telephone: (254) 732-2242
Facsimile: (866) 627-3509
Email: msiegmund@cjsjlaw.com

*Attorneys for Plaintiffs Malikie Innovations
Ltd. and Key Patent Innovations Ltd.*

Respectfully submitted,

/s/ *Justin S. Cohen*

Justin S. Cohen
State Bar No. 24078356
  justin.cohen@hklaw.com
Robert S. Hill
State Bar No. 276056
  robert.hill@@hklaw.com
Morgan Delabar
State Bar No. 24116625
  morgan.delabar@hklaw.com
**HOLLAND & KNIGHT LLP**
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, Texas 75201
214.969.1700
214.969.1751 (fax)

Amy Simpson (*admitted pro hac vice*)
CA State Bar No. 241090
  amy.simpson@hklaw.com
**HOLLAND & KNIGHT LLP**
1901 Avenue of the Stars, Suite 1200
Los Angeles, CA  90067
310.201.8900

Deron R. Dacus
State Bar No. 00790553
  ddacus@dacusfirm.com
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suire 430
Tyler, Texas  75701
903.705.1117

*Attorneys for Defendants, Foundry Digital, LLC, Fortitude Mining LLC, Riot Platforms, Inc.*

/s/ *Andrew J. Danford*
John V. Hobgood (*pro hac vice*)
Andrew J. Danford (*pro hac vice*)
Wilmer Cutler Pickering Hale and
Dorr LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000
john.hobgood@wilmerhale.com
andrew.danford@wilmerhale.com

Benjamin S. Fernandez (*pro hac vice*)
Wilmer Cutler Pickering Hale and
Dorr LLP
1225 17th Street, Suite 2600
Denver, Colorado 80202
(720) 274-3163
ben.fernandez@wilmerhale.com

Laura E. Powell (*pro hac vice*)
Wilmer Cutler Pickering Hale and
Dorr LLP
2100 Pennsylvania Avenue, NW
Washington, DC 20037
(202) 663-6294
laura.powell@wilmerhale.com

Melissa R. Smith
Texas State Bar No. 24001351
Gillam & Smith LLP
303 South Washington Avenue
Marshall, Texas 75670
(903) 934-8450
melissa@gillamsmithlaw.com

*Attorneys for Defendant Cipher Digital Inc.*