IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

|  |  |
|---|---|
| MALIKIE INNOVATIONS LTD. AND KEY PATENT INNOVATIONS LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>FOUNDRY DIGITAL LLC, FORTITUDE MINING, LLC, RIOT PLATFORMS, INC. AND CIPHER DIGITAL INC. F/K/A CIPHER MINING INC.,<br><br>Defendants. | NO. 7:25-CV-00567-DC-DTG<br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' ANSWER TO COUNTERCLAIMS IN
RIOT PLATFORMS, INC.'S ANSWER**

Plaintiffs and Counterclaim-defendants Malikie Innovations Ltd. and Key Patent Innovations Ltd. (collectively, "Malikie") hereby answer the Counterclaims of Defendant and Counterclaim-plaintiff Riot Platforms, Inc. ("Riot") (Dkt. 45).

**PARTIES**

1.      Malikie admits the allegations of Paragraph 1.

2.      Malikie admits the allegations of Paragraph 2.

3.      Malikie lacks sufficient knowledge to admit or deny the allegations in Paragraph 3 of the Counterclaims and, therefore, denies those allegations.

**JURISDICTION AND VENUE**

4.      To the extent Paragraph 4 implicates legal conclusions, no response is required. To the extent a response is required, Malikie admits that Malikie has subjected itself to personal

jurisdiction for the purposes of the above-captioned case because it has sued Riot and its co-Defendants in this Court.

5.      To the extent Paragraph 5 implicates legal conclusions, no response is required.  To the extent a response is required, Malikie admits the Counterclaims purport to set forth claims arising under the Federal Declaratory Judgments Act, Title 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 28 U.S.C. § 1338(a).

6.      To the extent Paragraph 6 implicates legal conclusions, no response is required.  To the extent a response is required, Malikie admits that Malikie has consented to venue in this District in the above-captioned case because it has sued Riot and its co-Defendants in this Court.

7.      Malikie admits that Malikie has alleged in its Complaint that Riot has infringed and continues to infringe U.S. Patent Nos. 8,788,827; 8,806,197; 8,532,286; and 8,712,039 (the "Asserted Patents").

8.      To the extent Paragraph 8 of the Counterclaims implicates legal conclusions, no response is required.  To the extent a response is required, Malikie denies the allegations in Paragraph 8.

9.      To the extent Paragraph 9 implicates legal conclusions, no response is required.  To the extent a response is required, Malikie admits that actual and justiciable controversy exists between the parties regarding whether Riot infringes the Asserted Patents.

### FIRST COUNTERCLAIM

### (Declaration of Non-Infringement of U.S. Patent No. 8,788,827)

10.      Answers to Paragraphs 1 through 9 are incorporated by reference as if fully set forth herein.

11.     To the extent Paragraph 11 of the Counterclaims implicates legal conclusions, no response is required.  To the extent a response is required, Malikie denies the allegations in Paragraph 11.

12.     To the extent Paragraph 12 implicates legal conclusions, no response is required. To the extent a response is required, Malikie admits an actual and justiciable controversy exists between the parties regarding whether Riot infringes U.S. Patent No. 8,788,827 (the "'827 patent").  Malikie otherwise denies the allegations in Paragraph 12.

13.     To the extent Paragraph 13 implicates legal conclusions, no response is required. To the extent a response is required, Malikie admits the Counterclaims purport to seek a judgement declaring that Riot does not infringe, either literally or under the Doctrine of Equivalents, any claims of the '827 Patent, but denies that Riot is entitled to the requested declaratory relief.

**SECOND COUNTERCLAIM**

**(Declaration of Infringement of U.S. Patent No. 8,806,197)**

14.     Answers to Paragraphs 1 through 13 are incorporated by reference as if fully set forth herein.

15.     To the extent Paragraph 15 of the Counterclaims implicates legal conclusions, no response is required.  To the extent a response is required, Malikie denies the allegations in Paragraph 15.

16.     To the extent Paragraph 16 implicates legal conclusions, no response is required. To the extent a response is required, Malikie admits an actual and justiciable controversy exists between the parties regarding whether Riot infringes U.S. Patent No. 8,806,197 (the "'197 patent").  Malikie otherwise denies the allegations in Paragraph 16.

17.     To the extent Paragraph 17 implicates legal conclusions, no response is required. To the extent a response is required, Malikie admits the Counterclaims purport to seek a judgement declaring that Riot does not infringe, either literally or under the Doctrine of Equivalents, any claims of the '197 Patent, but denies that Riot is entitled to the requested declaratory relief.

**THIRD COUNTERCLAIM**

**(Declaration of Infringement of U.S. Patent No. 8,532,286)**

18.     Answers to Paragraphs 1 through 17 are incorporated by reference as if fully set forth herein.

19.     To the extent Paragraph 19 of the Counterclaims implicates legal conclusions, no response is required.  To the extent a response is required, Malikie denies the allegations in Paragraph 19.

20.     To the extent Paragraph 20 implicates legal conclusions, no response is required. To the extent a response is required, Malikie admits an actual and justiciable controversy exists between the parties regarding whether Riot infringes U.S. Patent No. 8,532,286 (the "'286 patent").  Malikie otherwise denies the allegations in Paragraph 20.

21.     To the extent Paragraph 21 implicates legal conclusions, no response is required. To the extent a response is required, Malikie admits the Counterclaims purport to seek a judgement declaring that Riot does not infringe, either literally or under the Doctrine of Equivalents, any claims of the '286 Patent, but denies that Riot is entitled to the requested declaratory relief.

**FOURTH CLAIM**

**(Declaration of Infringement of U.S. Patent No. 8,712,039)**

22.     Answers to Paragraphs 1 through 21 are incorporated by reference as if fully set forth herein.

4

23.　To the extent Paragraph 23 of the Counterclaims implicates legal conclusions, no response is required.  To the extent a response is required, Malikie denies the allegations in Paragraph 23.

24.　To the extent Paragraph 24 implicates legal conclusions, no response is required. To the extent a response is required, Malikie admits an actual and justiciable controversy exists between the parties regarding whether Riot infringes U.S. Patent No. 8,712,039 (the "'039 patent").  Malikie otherwise denies the allegations in Paragraph 24.

25.　To the extent Paragraph 25 implicates legal conclusions, no response is required. To the extent a response is required, Malikie admits the Counterclaims purport to seek a judgement declaring that Riot does not infringe, either literally or under the Doctrine of Equivalents, any claims of the '039 Patent, but denies that Riot is entitled to the requested declaratory relief.

<u>**AFFIRMATIVE DEFENSES**</u>

Pursuant to Federal Rule of Civil Procedure 8(c), Malikie, without waiver, limitation, or prejudice, hereby asserts the Affirmative Defenses listed below.  Malikie reserves the right to amend this Answer to Riot's Counterclaims to add Affirmative Defenses, including any defenses currently unknown to Malikie, as they become known throughout the course of discovery in this action.  Assertion of a defense is not a concession that Malikie has the burden of proving the matter asserted.

<u>**FIRST AFFIRMATIVE DEFENSE**</u>

<u>**(No Exceptional Case)**</u>

26.　Riot is not entitled to attorneys' fees under 35 U.S.C. § 285 because this is not an exceptional case.

## SECOND AFFIRMATIVE DEFENSE

## (Additional Claims and Defenses)

27.      Any additional defenses that discovery may reveal.

## PRAYER FOR RELIEF

Malikie denies the allegations in the "Prayer for Relief" in Riot's Counterclaims and respectfully request that the Court enter judgment against Riot as follows:

A.      Finding that all Asserted Patents are not invalid;

B.      Finding that all Asserted Patents are infringed;

C.      Dismissing Riot's Counterclaims with prejudice;

D.      Finding that Malikie is the "prevailing party" with respect to their patent claims and that this case is an "exceptional" under 35 U.S.C. § 285;

E.      Awarding Malikie its reasonable attorneys' fees and costs; and

F.      Awarding Malikie such other and further relief as the Court deems proper.

Dated: March 20, 2026

Respectfully submitted,

/s/ *Philip J. Eklem*
Khue V. Hoang
Patrick Colsher
**REICHMAN JORGENSEN LEHMAN & FELDBERG LLP**
650 Fifth Avenue, Suite 2320
New York, NY 10019
Tel: (212) 381-1965
khoang@reichmanjorgensen.com
pcolsher@reichmanjorgensen.com

Matthew G. Berkowitz
Michael Polka
Michael Caulkins
**REICHMAN JORGENSEN LEHMAN & FELDBERG LLP**
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Tel: (650) 623-1401
mberkowitz@reichmanjorgensen.com
mpolka@reichmanjorgensen.com
mcaulkins@reichmanjorgensen.com

Philip J. Eklem
**REICHMAN JORGENSEN LEHMAN & FELDBERG LLP**
1909 K Street, NW, Suite 800
Washington, DC 20006
Tel: (202) 894-7310
peklem@reichmanjorgensen.com

*Of Counsel*:

Mark D. Siegmund, TX Bar No. 24117055
**Cherry Johnson Siegmund James, PC**
7901 Fish Pond Rd., 2nd Floor
Waco, TX 76710
Telephone: (254) 732-2242
Facsimile: (866) 627-3509
Email: msiegmund@cjsjlaw.com

*Attorneys for Plaintiffs Malikie Innovations Ltd. and Key Patent Innovations Ltd.*

7

## <u>CERTIFICATE OF SERVICE</u>

The undersigned does hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record via the Court's electronic filing system on this 20th day of March 2026.

/s/ Mark D. Siegmund
Mark D. Siegmund