**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **MALIKIE INNOVATIONS LTD. AND KEY PATENT INNOVATIONS LTD.,** | § § § | |
| *Plaintiffs,* | § § § | |
| *v.* | § § § | **CASE NO. 7:25-CV-00567-DC-DTG** |
| **FOUNDRY DIGITAL LLC, FORTITUDE MINING, LLC, RIOT PLATFORMS, INC. AND CIPHER DIGITAL INC. F/K/A CIPHER MINING INC.,** | § § § § § § | |
| *Defendants,* | § § | |

**ORDER DENYING PLAINTIFFS' MOTION
FOR LEAVE TO FILE A SUR-REPLY (DKT. NO. 68)**

Pending before the Court is the plaintiffs, Malikie Innovations LTD and Key Patent Innovations LTD.'s opposed motion for leave to file a sur-reply. Dkt. No. 68. The plaintiffs claim that the defendants raised new arguments in their reply brief to the pending motion to dismiss and seek leave to respond. *Id*. at 1. Having considered the motion carefully, the Court finds it should be **DENIED**.

Generally, sur-replies are "heavily disfavored by courts." *Warrior Energy Servs. Corp. v. ATP Titan M/V,* 551 F.App'x. 749, 751 n.2 (5th Cir. 2014) (quoting *Weems v. Hodnett,* No. 10-CV-1452, 2011 WL 2731263, at *1 (W.D. La. July 13, 2011)). But when a movant raises new arguments or evidence in a reply brief, the district court must either permit the non-movant a sur-reply or decline to consider the newly briefed matters. *Georgia Firefighters' Pension Fund v. Anadarko Petroleum Corp.,* 99 F.4th 770, 774 (5th Cir. 2024) (citing *Residents of Gordon Plaza, Inc. v. Cantrell,* 25 F.4th 288, 296 (5th Cir. 2022)). A district court abuses its discretion if it relies on an argument that the non-movant did not have the opportunity to address. *See Residents of*

*Gordon Plaza, Inc. v. Cantrell,* 25 F.4th 288, 296 (citing *Thompson v. Dall. City Att'y's Off.,* 913 F.3d 464, 471 (5th Cir. 2019)); *see also Mission Toxicology, LLC v. Unitedhealthcare Ins. Co.,* 499 F. Supp. 3d 350, 359 (W.D. Tex. 2020).

The Court disagrees with the plaintiffs' claim that there are new arguments to which they need to respond. The plaintiffs claim that the defendants' reply "misleadingly limits Plaintiffs's patentability arguments to *only* the mathematical calculations" Dkt. No. 68 at 1. The plaintiffs argue that they should be allowed to "expose and correct Defendant's ruse." *Id*. at 2. The Court disagrees because this is not a new issue, as evidenced by the plaintiffs' response, which addressed this point. *See* Dkt. No. 60 at 9 ("Defendant[s] [claim that] . . . improvements and solutions identified in the Complaint are all attributable to the abstract mathematical computations"). The plaintiffs had the opportunity to address these arguments and did so in their response brief. *See Mission Toxicology, LLC,* 499 F. Supp. at 359 (noting that reply briefs generally address arguments raised in the response and that a rare post-reply brief is needed only when the movant raises wholly new issues in a reply). The Court therefore finds that a sur-reply is not appropriate and **DENIES** the plaintiff's motion (Dkt. No. 68).

**SIGNED** this 4th day of June, 2026.

_____

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE