**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **MALIKIE INNOVATIONS LTD. AND KEY PATENT INNOVATIONS LTD.,** | § § § § § § § § § § § § § | |
| *Plaintiff,* | | |
| | | **CASE NO. 7:25-CV-00567-DC-DTG** |
| *v.* | | |
| **FOUNDRY DIGITAL LLC, FORTITUDE MINING, LLC, RIOT PLATFORMS, INC. AND CIPHER DIGITAL INC. F/K/A CIPHER MINING INC.,** | | |
| *Defendant,* | | |

**REPORT & RECOMMENDATION TO DENY
DEFENDANT'S MOTION TO DISMISS (DKT. NO. 42)**

**TO:   THE HONORABLE DAVID COUNTS,
        UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(d) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court are the defendant, Cipher Digital Inc. f/k/a Cipher Mining Inc.'s motion to dismiss for ineligibility under 35 U.S.C. §101 (Dkt. No. 42). The motion is fully briefed, and the Court finds that a hearing is unnecessary. After careful consideration of the briefs, arguments, and the applicable law, the Court **RECOMMENDS** that the motion be **DENIED.**

## I.      BACKGROUND

The plaintiffs' Malikie Innovations Ltd. and Key Patent Innovations Ltd. filed this lawsuit accusing the defendants, Foundry Digital LLC, Fortitude Mining, LLC, Riot Platforms,

Inc., and Cipher Digital Inc. f/k/a Cipher Mining Inc.[1] of infringing on the plaintiffs' patents—

U.S. Patent Nos. 8,788,827 ("'827 patent"), 8,806,197 ("'197 patent"), 8,532,286 ("'286

patent"), and 8,712,039 ("'039 patent"). Dkt. No. 1 ¶ 7–9. These patents relate to elliptic curve

cryptography ("ECC") within cryptographic systems. Id. ¶ 8. The defendant, Cipher Digital Inc.

f/k/a Cipher Mining Inc., moves to dismiss the plaintiffs' complaint, alleging that the asserted

patent claims are invalid under 35 U.S.C. § 101 because they fail both steps of the *Alice* Test.

Dkt. No. 42 at 7. The motion is fully briefed, and the Court finds that a hearing is unnecessary.

Dkt. Nos. 42, 60, 62.

## II.    ANALYSIS

The defendants' motion is governed by Rule 12 of the Federal Rules of Civil Procedure.

Dkt. No. 42 at 1 (citing Fed. R. Civ. P. 12(b)(6)). When considering a motion to dismiss under

Rule 12(b)(6), the Court assumes that the facts alleged in the complaint are true, then asks

whether those facts allege a plausible claim for relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 667–84

(2009). The Court views all well-pleaded facts in the light most favorable to the plaintiff but

disregards bare conclusory allegations. *Bowlby v. City of Aberdeen,* 681 F.3d 215, 219 (5th Cir.

2012); *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th

Cir. 1982). Courts can resolve patent eligibility at the pleading stage "only if there are no

plausible factual disputes after drawing all reasonable inferences from the intrinsic record and

Rule 12 record in favor of the non-movant." *Coop. Ent., Inc. v. Kollective Tech., Inc.,* 50 F.4th

127, 130 (Fed. Cir. 2022).

---

[1] This case was originally brought against Cipher Mining Inc., but the case caption was amended

after the filing of this motion by replacing "Cipher Mining Inc." with "Cipher Digital Inc. f/k/a

Cipher Mining Inc." *See* Dkt. Nos. 52, 54.

Section 101 of the Patent Act defines the subject matter eligible for patent protection: "any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof." 35 U.S.C. § 101. However, courts have long recognized that laws of nature, natural phenomena, and abstract ideas are not patentable under § 101 because they are "the basic tools of scientific and technological work." *Alice Corp. Pty. v. CLS Bank Int'l,* 573 U.S. 208, 216 (2014) (citations omitted). These items are considered ineligible for patent protection unless they are applied in a way to achieve a new and useful result. *Id*. at 217.

To determine whether a claim is directed at ineligible subject matter, the Court applies a two part test. First, the Court must determine whether the claims at issue are directed to a patent-ineligible concept. *Id.* at 217. If they are, then the Court proceeds to the second step, which considers whether the elements of each claim, both individually and as an ordered combination, transform the claim into a patent-eligible application of the concept. *Id.* (internal citations omitted). Because patents enjoy a presumption of validity, proving invalidity must be done by clear and convincing evidence. *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368 (Fed. Cir. 2018) (citation omitted). Evaluating the claims under the *Alice* test can be done as a matter of law unless the parties raise disputed issues of fact—such as whether the patent claims include an inventive concept. *See Coop. Ent., Inc.,* 50 F.4th at 130 (holding that the two-step *Alice* framework is used to determine patent eligibility, but only if there are no plausible factual disputes).

The defendant contends that all of the claims of all four asserted patents are ineligible because they fail the test under *Alice*. Dkt. No. 42 at 7. They contend that they all fail step one of *Alice* because they are directed to abstract mathematical computations. *Id*. They also argue that the patent claims lack an inventive concept because they simply employ conventional computers

being used in their ordinary way. *Id*. at 7-8 (addressing the '827 and '197 patents), 9 (addressing the '286 patent), 9 (addressing the '039 patent).

The plaintiffs respond with several arguments supporting denial of the motion. They contend that the defendant overgeneralizes the claims they address. Dkt. No. 60 at 1. The explain how each patent claims a technological solution to a technological problem. *Id*. at 3-4 (addressing the '827 and '197 patent claims), 11-12 (addressing the '286 patent claims), 16-17 (addressing the '039 patent claims). They similarly describe how each patent's claims also include inventive concepts that survive step two under *Alice*. *Id*. at 8-10 (addressing the '827 and '197 patent claims), 14-15 (addressing the '286 patent claims), 19 (addressing the '039 patent claims). Finally, they argue that the remaining claims of each patent—since the defendant did not argue that any claims were representative of all claims—are also patent eligible. *Id*. at 11 (addressing the '827 and '197 patent claims), 16 (addressing the '286 patent claims), 20 (addressing the '039 patent claims).

Considering the above, the Court believes that the prudent approach for a § 101 invalidity analysis is to conduct it on a full record. *Aeritas, LLC v. Off. Depot, LLC,* No. 6:22-cv-00986-ADA-DTG, 2024 WL 1336487, at *1 (W.D. Tex. Mar. 28, 2024) (citations omitted), report and recommendation adopted, No. W-22-CV-00986-ADA, 2024 WL 1624734 (W.D. Tex. Apr. 15, 2024) (noting that a determination of invalidity under § 101 is rarely appropriate at the pleading stage). Even if the Court were to determine that the identified claims are directed to a patent-ineligible concept, plausible factual disputes exist here that preclude finding the asserted claims ineligible in step two of the Alice test at the motion to dismiss stage. For example, the plaintiffs have asserted that the patent claims improve upon conventional Elliptic Curve Digital Signature Algorithm verification techniques, improve upon standard Montgomery-style reductions, and

improved use of information stored in computer registers. *See* Dkt. No. 60 at 8 (addressing the '827 and '197 patent claims), 14 (addressing the '286 patent claims), 19 (addressing the '039 patent claims). The defendant disputes each of these alleged inventive concepts, which will require resolution of disputed facts. Because an issued patent is presumed valid, requiring clear and convincing evidence to prove otherwise, and claim construction and fact discovery affect the patentability analysis, the undersigned finds that determining patent eligibility is best conducted at the summary judgment stage. Given the factual disputes presented, the undersigned **RECOMMENDS** that the Court **DENY** the defendant's motion to dismiss under 35 U.S.C. § 101 without prejudice to refiling at the summary judgment stage.

### III.    RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that the defendant Cipher Digital Inc. f/k/a Cipher Mining Inc.'s motion (Dkt. No. 42) be **DENIED** without prejudice to raising patent ineligibility at the summary judgment stage.

### IV.    OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140,

150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1428–29.

    **SIGNED** this 18th day of June, 2026.


_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE