**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION**

| | |
|---|---|
| **MALIKIE INNOVATIONS LTD. AND KEY PATENT INNOVATIONS LTD.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**FOUNDRY DIGITAL LLC; FORTITUDE MINING, LLC; RIOT PLATFORMS, INC.; AND CIPHER MINING INC.,**<br><br>**Defendants.** | **NO. 7:25-CV-00567-DC**<br><br>**JURY TRIAL DEMANDED** |

**FOUNDRY DIGITAL LLC'S REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE AN AMENDED MOTION TO TRANSFER VENUE FOR CONVENIENCE AND SUPPLEMENTAL DECLARATION**

## I.    INTRODUCTION

Foundry's Motion for Leave seeks only what candor requires: to correct a later-discovered factual inaccuracy in the record before the Court considers the merits of Foundry's motion to transfer for convenience. Plaintiffs' opposition, filed *one day before* venue discovery closed, offers no valid reason to deny Foundry leave. Plaintiffs identify no prejudice, no bad faith, and no undue delay. Their arguments are merely form-over-substance objections that, if accepted, would penalize a party merely for fulfilling its duty of candor to the Court.

## II.    ARGUMENT

### A.  Foundry's Amendment Fulfills Its Duty of Candor to the Court.

Foundry has an affirmative duty of candor to this Court. *See, e.g.*, Fed. R. Civ. P. 11(b) (requiring continuing accuracy of representations to the Court); *Domain Prot., L.L.C. v. Sea Wasp, L.L.C.,* 23 F.4th 529, 543 (5th Cir. 2022) ("duty of candor extends beyond not making false statements. An omission may also violate the duty."). Where a party discovers that a factual

representation previously made to the court is inaccurate, the party is obligated, not merely permitted, to correct the record. *See id.*

That is precisely what occurred here. Foundry's original understanding, shared by its counsel and by Ms. Marchioni, was that Foundry's provision of onsite services concluded entirely in March 2025. As venue discovery progressed, however, Foundry discovered that a certain few employees continued providing limited onsite services to customers until late December 2025 as Foundry wound down this service offering. Ms. Marchioni's original declaration was based on her knowledge at the time she signed it; the issue was a gap in Foundry's full understanding of the facts that only emerged through the discovery process. *See* DE 79 at ¶ 2; Marchioni Rough Tr. 53:21-25 (confirming her declaration was based on her knowledge and conversations with the legal team at the time of signing). Plaintiffs cannot, and do not, credibly argue that Foundry should have left the inaccurate date uncorrected before the Court. Rather, they put forward disingenuous arguments against the substitution of a new declarant due to employee turnover and mere wordsmithing associated with this new declarant. Neither of these unfounded concerns should preclude Foundry from being granted leave to amend its motion.

### B. A New Declarant Was Necessary Because Ms. Marchioni Is No Longer Employed by Foundry.

First, Plaintiffs take issue with Foundry's substitution of Todd Sharpe as declarant. But this substitution was necessitated by practical reality: Ms. Marchioni is no longer employed by Foundry. She transitioned to Fortitude Mining, LLC on May 1, 2026, a separate legal entity with its own management, HR department, and HR system. Marchioni Rough Tr. at 7:4-5 (indicating her current employer is "Fortitude. Fortitude mining."); 7:6-7 ([as of] "May 1st of this year."); 27:12-21 (explaining that both parties "use Trinet, but their instances are separate ... Fortitude has their own contract and agreement and set up with Trinet just like Foundry does and other

companies do[,] so not integrated[;] not the same system." At the time of the corrected declaration's execution, Ms. Marchioni could not verify the updated facts therein as she was no longer in a position to access Foundry's records. Plaintiffs cannot have it both ways. They cannot both harp on an inaccuracy in Ms. Marchioni's declaration and also object when Foundry provides a current employee who can speak to the corrected facts. *See Joe Hand Promotions, Inc. v. Del-Mar Lanes, Inc.,* No. CV H-20-466, 2021 WL 3832810, at *4 (S.D. Tex. May 7, 2021) (granting leave to file substitute declarations over plaintiff's objections of contradictory statements).

### C.  The Amended Declaration Is Substantively Equivalent to the Original

Second, Plaintiffs' opposition attempts to manufacture significance from immaterial differences between the two declarations, executed by two separate individuals. The record belies this characterization. Twenty-nine of the thirty-two paragraphs (29 of 32) in Mr. Sharpe's declaration are nearly identical to Ms. Marchioni's declaration. *Compare* DE 79-1B (Sharpe Decl.) ¶¶ 2-7, 10-32, *with* DE 65-A, (Marchioni Decl.) ¶¶ 2-11, 13-31; *see also* DE 79-2 (redline). The core facts: Foundry being headquartered in Pittsford, NY; its sole physical office in NY; the location of relevant IT personnel; and the absence of any current Texas presence remain. *See id.*

Plaintiffs point to isolated wording differences that are either typographical or semantically equivalent. The reference to "Foundry" instead of "Fortitude", for example, in one instance of the original Marchioni declaration is plainly a typographical error (DE 65-A, ¶ 28); and more importantly, both declarations correctly describe the same corporate spinoff. *Compare* DE 65-A, n. 1, *with* DE 79-1B, n. 1. As another example, Plaintiffs take issue with Foundry identifying former employees who *resided* in Texas and clarifying in its declaration that Foundry does not "currently" have employees residing in Texas. *See* DE 79-1B, ¶ 8 at 3. But, again, this clarification does not change the underlying facts relevant to the convenience transfer analysis. Nor does the

difference between "Foundry provides optional software to its Bitcoin mining pool participants" (DE 79-1B, ¶ 14) and "Foundry does provide software to its Bitcoin mining pool participants" (DE 65-A, ¶ 13). Mr. Sharpe merely sought to be precise in his descriptions and chose to use slightly different words to make the same point. Sharpe Tr. at 272:19-273:8 (describing the only difference between his and Ms. Marchioni's declaration as "specific wording with network engineers on-site[.]"). None of these changes, based on the necessary substitution of one declarant for another, substantively alter Foundry's arguments for why the Western District of New York is a clearly more convenient venue for this case to proceed in. Further, Plaintiffs were aware of these alterations before Mr. Sharpe and Ms. Marchioni's venue depositions and could, and did, inquire about the difference in wording Mr. Sharpe used. Any other or additional inquiries, untethered to the venue analysis, can be fully investigated through merits discovery at the proper time.

### D.  Plaintiffs Suffer No Prejudice and Need No Additional Discovery.

Prejudice is the touchstone of the leave-to-amend analysis, and Plaintiffs have none.  *See Smith v. EMC Corp.,* 393 F.3d 590, 595-6 (5th Cir. 2004) ("[a party] is prejudiced if an [amendment] would require [it] to reopen discovery…").

*First*, Plaintiffs had notice of and the opportunity to probe the amendment well before the close of venue discovery. Foundry alerted Plaintiffs over a week before depositions that it would be seeking leave to file the Amended Motion and provided a copy of the proposed amendment and supporting declaration for review. DE 79 at ¶ 5. Plaintiffs then deposed both Mr. Sharpe (new declarant) on June 1, 2026, and Ms. Marchioni (old declarant) on June 3, 2026, after receiving the amended declaration, giving them *ample* opportunity to explore any claimed inconsistencies.

*Second*, Plaintiffs have had the benefit of the Court's generous venue discovery allotment: 10 interrogatories and 20 Requests for Production as Foundry filed two separate venue motions.

*See* OGP 4.4—Patent Cases, Section V. Plaintiffs' claim that if they had known earlier of Foundry's former Texas-based employees they "could have pursued discovery directed to those individuals' work and continued presence in Texas, and depending on what that discovery showed, Malikie may also have sought declarations or testimony from those individuals" is disingenuous and unfounded. Malikie was provided the names, locations, and termination dates of these former Texas employees on May 8, 2026. This was more than a month before venue discovery was set to close and before responses to Malikie's first set of transfer of venue related discovery requests were even due. Should Malikie have needed additional, venue-related, details about these individuals, they then had plenty of time and discovery requests left to do so.

Additionally, during the parties' meet and confer regarding this motion, Foundry specifically asked Plaintiffs to identify any additional discovery they would need as a result of the amendment. Plaintiffs had nothing to offer. DE 79, Cert. of Conference (showing conferences on 5/21, 5/26, 5/28). And, they still fail to identify in their opposition any specific discovery that they feel is needed but they have been unable to achieve. Plaintiffs' inability to articulate any concrete prejudice confirms the obvious – no such prejudice exists in allowing Foundry leave to amend.

Venue discovery closed June 18, 2026. The record is now complete. Plaintiffs know where each of Foundry's former Texas employees worked, the city and state they resided in, their job title, and their date of termination. Plaintiffs point to no deposition question they could not ask, no document they could not obtain, and no interrogatory they could not serve that would get them any additional, necessary, and relevant information. There has been no showing of prejudice.

## III.    CONCLUSION

For these reasons, Foundry requests that the Court grant its Motion for Leave to File an Amended Motion to Transfer Venue for Convenience and Supplemental Declaration.

Dated: June 22, 2026

Respectfully submitted,

*/s/ Justin S. Cohen*

Justin S. Cohen
State Bar No. 24078356
justin.cohen@hklaw.com
Robert S. Hill
State Bar No. 276056
robert.hill@hklaw.com
Morgan Delabar
State Bar No. 24116625
morgan.delabar@hklaw.com
**HOLLAND & KNIGHT LLP**
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, Texas 75201
214.969.1700
214.969.1751 (fax)
Amy Simpson (*admitted pro hac vice*)
CA State Bar No. 241090
amy.simpson@hklaw.com
**HOLLAND & KNIGHT LLP**
1901 Avenue of the Stars, Suite 1200
Los Angeles, CA 90067
310.201.8900
Deron R. Dacus
State Bar No. 00790553
ddacus@dacusfirm.com
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
903.705.1117

*Attorneys for Defendant Foundry Digital LLC.*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served on all counsel of record via the

Court's CM/ECF system on June 22, 2026.

/s/ *Justin S. Cohen*
Justin S. Cohen