**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION**

| | |
|---|---|
| MALIKIE INNOVATIONS LTD. AND KEY PATENT INNOVATIONS LTD., <br><br> Plaintiffs, <br><br> v. <br><br> FOUNDRY DIGITAL LLC, FORTITUDE MINING, LLC, RIOT PLATFORMS, INC. AND CIPHER DIGITAL INC. F/K/A CIPHER MINING INC., <br><br> Defendants. | NO. 7:25-CV-00567-DC-DTG <br><br> **JURY TRIAL DEMANDED** |

**ORDER REGARDING JUNE 18, 2026 DISCOVERY DISPUTE CHART**

On June 18, 2026, the parties submitted the attached discovery dispute chart. The Court heard arguments on June 24, 2026, by video teleconference. After considering the dispute chart and arguments of counsel, the Court **ORDERS** the following be completed **on or before July 1, 2026**:

The defendant Riot is **ORDERED** to update its identification of the relevant employees by identifying their place of residence by city, county, or zip code such that their place of residence can be correlated to the counties of the Austin and Midland/Odessa Divisions;

The defendant Riot is **ORDERED** to provide identification of the four or five fully remote employees by name, job title, work location, and place of residence by city, county, or zip code; and

The defendant Riot is **ORDERED** to provide the names, job titles, work locations, and places of residence by city, county, or zip code for employees in the financial and marketing

1

groups who might have relevant information and include a description of how Defendant Riot determined their relevance.

All other relief requested by the plaintiff is **DENIED**.

**SIGNED** this 24th day of June, 2026.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | |
|---|---|
| MALIKIE INNOVATIONS LTD. AND KEY PATENT INNOVATIONS LTD., <br><br>     Plaintiffs, <br><br> v. <br><br> FOUNDRY DIGITAL LLC, FORTITUDE MINING, LLC, RIOT PLATFORMS, INC. AND CIPHER DIGITAL INC. F/K/A CIPHER MINING INC., <br><br>     Defendants. | NO. 7:25-CV-00567-DC-DTG <br><br> **JURY TRIAL DEMANDED** |

## DISCOVERY DISPUTE CHART REGARDING VENUE DISCOVERY

Pursuant to Section IV of the Standing Order Governing Proceedings (OGP) 4.4—Patent Cases ("Standing Order") (Jan. 23, 2024) and all other applicable local rules and orders, Plaintiffs Malikie Innovations Ltd. and Key Patent Innovations Ltd. (collectively "Plaintiffs") and Defendant Riot Platforms, Inc. ("Defendant") respectfully submit this Discovery Dispute Chart covering the following issue.

| Issue | Requesting Parties' Position (Plaintiffs) | Responding Party's Position (Defendant) |
|---|---|---|
| **Issue 1**: Reports showing identities, roles, and residence location of Riot's employees responsive to RFP 1. | Riot ("Responding Party") produced documents that do not sufficiently identify their employees' residence locations or remote work locations. <br><br> RFP 1 requests "Documents sufficient to identify each of Your employees, their work | Plaintiff asks the Court to order Riot to produce the names, titles, work address, and home address for each of its roughly 800 employees— regardless of whether they have any potentially relevant information about this case. The request is an overbroad fishing expedition and should |

| Issue | Requesting Parties' Position (Plaintiffs) | Responding Party's Position (Defendant) |
|---|---|---|
| | addresses, home addresses, titles, job descriptions, and length of time in Your employment, as well as where each employee fits into Your corporate organization."<br><br>Riot produced screen shots of certain portions of its organizational chart that identify only some of its employees, and which only provides some information about those employees' assigned work locations.  The documents do not provide the residence location of the employees (which would be the work location of remote employees), which Riot refuses to produce based on purported "significant privacy concerns" and alleged irrelevance to the § 1404(a) inquiry (convenience).<br><br>The requested information is relevant to the convenience inquiry because it relates directly to the "distance from home" that witnesses would have to travel. *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009) (cleaned up; quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 317 (5th Cir. 2008)).  Moreover, all "witnesses relevant to [the] issues" in this case may be pertinent to the convenience inquiry, which is not limited to witnesses that Riot has selectively identified or | be denied.<br><br>Plaintiff has accused Riot's Bitcoin miners of direct infringement based on how these computing devices utilize internal registers (whether in the ASIC or firmware) of the miners. Plaintiff's other claims are for indirect infringement based on Riot working with third-party company Foundry, who is based in New York. Riot seeks an intra-district transfer for convenience under 28 U.S.C. § 1404(a) from Midland-Odessa to Austin [Dkt. 66].<br><br>The crux of Riot's motion is that the software and IT teams that run the miners and work with Foundry are in Austin. Thus, the vast majority of witnesses with knowledge of the accused activities are located in Austin, Texas. *See* Dkt. 66-A (Schatz Decl.) ¶¶ 12-19.<br><br>Mr. Schatz confirmed at his deposition that: (1) approximately 40 employees work from Riot's Austin office (Rough Tr. at 16:12-14); (2) Riot has no employees or facilities in or near Midland/Odessa (*id.* at 16:15-17:2); (3) only four or five employees work fully remote, but none in Texas (*id.* at 18:11-19:1); (4) Austin is the epicenter of the accused |

| Issue | Requesting Parties' Position (Plaintiffs) | Responding Party's Position (Defendant) |
|---|---|---|
|  | deems to be "key witnesses." *Id*. at 1343-44; *see also Mosaid Techs. Inc. v. Infineon Techs. AG*, No. 1:25-CV-00358-ADA, 2026 WL 917481, at *7 (W.D. Tex. Mar. 24, 2026) ("[T]he Court should consider all potential material and relevant witnesses.").<br><br>Riot claims that its 30(b)(6) deponent testified that Riot is unable to produce the requested information from its HR database, but that was not the declarant's testimony. Moreover, public information about Riot's HR software indicates that reports containing the requested information can be generated and exported in Excel format. Exporting such reports from Riot's HR database is not the creation of a new document. *See, e.g., Primoris Energy Servs. Corp. v. Air Prods. & Chemicals, Inc.*, No. 3:24-CV-00156, 2025 WL 2529644, at *2, n.4 (S.D. Tex. Sept. 3, 2025) (collecting cases).<br><br>Relief:  Order that "Riot shall produce HR data in Excel format sufficient to show the names, roles, work location, and residence location (sufficient to identify at least the city or county of residence) of its employees within 7 days of this Order. | activities (*id*. at 23:17-24:3); and (5) the Austin office performs software development, IT, and corporate functions relevant to the accused conduct (*id*. at 24:15-18). Riot has also provided org charts, interrogatory responses, and a deposition confirming this position.<br><br>Unable to locate any potentially relevant Riot witnesses within Midland-Odessa, Plaintiff asks the Court to order a production of Riot's entire employee roster—complete with home addresses—regardless of whether that employee has any relevant information for this dispute. This would include individuals who do no work with the Bitcoin miners or in relation to the Foundry Pool. Plaintiff cannot pinpoint how a complete employee roster will reveal additional people with relevant knowledge of the issues in this case beyond that there is a possibility Riot has omitted a relevant individual from its declaration in support of its motion. This request is nothing but an overbroad fishing expedition.<br><br>The convenience analysis focuses on witnesses *with knowledge of the accused activities*. See In re Radmax, |

| Issue | Requesting Parties' Position (Plaintiffs) | Responding Party's Position (Defendant) |
|---|---|---|
| | Order that "The schedule for venue discovery as to Riot is extended by two weeks from the date of compliance with this Order, and that Plaintiffs' opposition to Riot's motion to transfer (Dkt. 66) shall be due two weeks after venue discovery concludes pursuant to this Order." | *LTD.*, 720 F.3d 285, 277-78 (5th Cir. 2013). Not merely where any employee of the defendant may reside. Therefore, a wholesale export of home addresses for almost 800 employees is untailored to any § 1404(a) argument. *See Fujitsu Ltd. v. Tellabs, Inc.*, 639 F. Supp. 2d 761, 766 (E.D. Tex. 2009) ("a court determines the respective distances between the residences (**or workplaces**) of all the identified **material and relevant witnesses** and the transferor and transferee venues.") (emphasis added). <br><br> The Court should deny Plaintiff's demand for a complete export of employee information. <br><br> **Relief:** Deny Plaintiffs' request for wholesale employee records, including home and work addresses, and maintain Plaintiffs' current deadline for responding to Riot's Motion to Transfer Venue. |

6

Dated: June 18, 2026

/s/  Justin S. Cohen
Justin S. Cohen
State Bar No. 24078356
 justin.cohen@hklaw.com
Robert S. Hill
State Bar No. 276056
robert.hill@@hklaw.com
Morgan Delabar
State Bar No. 24116625
morgan.delabar@hklaw.com
**HOLLAND & KNIGHT LLP**
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, Texas 75201
214.969.1700
214.969.1751 (fax)

Amy Simpson (admitted pro hac vice)
SBN 241090
amy.simpson@hklaw.com
**HOLLAND & KNIGHT LLP**
1901 Avenue of the Stars, Suite 1200
Los Angeles, CA  90067
310.201.8900

Farris Matariyeh (admitted pro hac vice)
farris.matariyeh@hklaw.com
SBN. 6333032
**HOLLAND & KNIGHT LLP**
150 N. Riverside Plaza, Suite 2700
Chicago, Illinois 60606
312.578.6548

Deron R. Dacus
State Bar No. 00790553
ddacus@dacusfirm.com
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suire 430
Tyler, Texas  75701
903.705.1117

Attorneys for Defendant, Foundry Digital
LLC

Respectfully submitted,

*/s/ Philip J. Eklem*
Khue V. Hoang
Patrick Colsher
**REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP**
650 Fifth Avenue, Suite 2320
New York, NY 10019
Tel: (212) 381-1965
khoang@reichmanjorgensen.com
pcolsher@reichmanjorgensen.com

Courtland L. Reichman
Matthew G. Berkowitz
Michael M. Polka
Michael Caulkins
**REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP**
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Tel: (650) 623-1401
creichman@reichmanjorgensen.com
mberkowitz@reichmanjorgensen.com
mpolka@reichmanjorgensen.com
mcaulkins@reichmanjorgensen.com

Christine E. Lehman
Philip J. Eklem
**REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP**
1909 K Street, NW, Suite 800
Washington, DC 20006
Tel: (202) 894-7310
clehman@reichmanjorgensen.com
peklem@reichmanjorgensen.com

*Of Counsel:*

William D. Ellerman
Texas Bar No. 24007151
**CHERRY JOHNSON SIEGMUND
JAMES, PC**
8140 Walnut Hill Lane, Suite 105
Dallas, Texas 75231
Tel: (254) 732-2242
wellerman@cjsjlaw.com

7

Mark D. Siegmund, TX Bar No. 24117055
**CHERRY JOHNSON SIEGMUND
JAMES, PC**
7901 Fish Pond Rd., 2nd Floor
Waco, TX 76710
Tel: (254) 732-2242
msiegmund@cjsjlaw.com

*Counsel for Plaintiffs Malikie Innovations
Ltd. and Key Patent Innovations Ltd.*

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(g), the undersigned hereby certifies that counsel for Plaintiffs conferred with counsel for Defendants regarding the relief requested in the foregoing document and that the parties have reached an impasse for the reasons indicated above.

*/s/ Philip J. Eklem*
Philip J. Eklem

9