**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION**

|  |  |  |
|---|---|---|
| MALIKIE INNOVATIONS LTD. and KEY PATENT INNOVATIONS LTD., <br><br> Plaintiffs, <br><br> v. <br><br> FOUNDRY DIGITAL LLC; FORTITUDE MINING, LLC; RIOT PLATFORMS, INC.; AND CIPHER DIGITAL INC. F/K/A CIPHER MINING INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 7:25-CV-00567 <br><br> **JURY TRIAL DEMANDED** |

**<u>DEFENDANT-INTERVENOR'S UNOPPOSED MOTION TO INTERVENE</u>**

Pursuant to Fed. R. Civ. P. 24, Proposed Intervening Defendant Shenzhen MicroBT Electronics Technology Co., Ltd. ("MicroBT") respectfully moves for leave to Intervene in this patent infringement action filed by Plaintiffs Malikie Innovations Ltd. and Key Patent Innovations Ltd. (collectively, "Plaintiffs"). MicroBT moves pursuant to Federal Rule of Civil Procedure 24 to intervene as of right, or alternatively by permission, to defend against allegations that its product infringes Plaintiffs' asserted cryptographic patents.

MicroBT has communicated with Plaintiffs and Defendants' counsel. No party currently in the case opposes MicroBT's intervention.

I.      **Introduction**

Plaintiffs have filed a broad patent infringement lawsuit targeting major commercial digital asset mining entities in the United States. However, the real target of Plaintiffs' complaint is the

underlying technical architecture of the hardware powering these operations. Specifically, Plaintiffs allege that Defendant Riot Platforms, Inc. uses MicroBT's WhatsMiner type miners in Paragraph 79 of the Complaint. Plaintiffs claim that the standard operations of these computers infringe their patents covering elliptic curve cryptography (secp256k1) and SHA-256 hash processing optimization.

As the manufacturer of the accused devices, MicroBT has a direct, existential commercial interest in defending its products and protecting its market presence from potential injunction or adverse patent ruling. MicroBT is entitled to intervene because this motion is timely, it holds a legally protectable interest in the accused products, and its ability to protect its technical architecture will be severely impaired if it is forced to rely on downstream end-user customers to defend the case. Because MicroBT's defenses share identity of law and fact with at least part of the main action, the Court should grant MicroBT leave to intervene.

## II.      Statement of Facts

Plaintiffs brought this action on December 12, 2025, alleging that Defendants run commercial bitcoin mining operations that infringe a portfolio of five cryptographic patents originally obtained by BlackBerry/Research in Motion (U.S. Patent Nos. 8,806,197; 8,788,827; 8,712,039; 8,666,062; and 8,532,286). *See* Dkt. No. 1 at ¶¶ 93-94.

Plaintiffs' claims do not focus on any specialized modification made by the Defendants; rather, they challenge the foundational math and hashing optimizations embedded in the mining computer itself. *See generally id.*  In detailing the infringement, Plaintiffs explicitly identify MicroBT's WhatsMiner M30S series as a primary driver of the alleged infringing activity. *See, e.g., id.* at ¶¶ 66 n. 170, and 70. Plaintiffs specifically identified MicroBT's product(s) as infringing

U.S. Patent No. 8,712,039 in its March 17, 2026, Preliminary Infringement Contentions. *See* Exhibit A, Declaration of Xin Wang ("Wang Decl.") at ¶¶4-6.

MicroBT designs, engineers, and manufactures these application-specific integrated circuits ("ASIC") mining computers. Because Plaintiffs seek past damages, ongoing royalties, and a permanent injunction against the utilization of these machines, a judgment in Plaintiffs' favor would completely disrupt MicroBT's commercial distribution network, expose it to severe indemnification claims from its customers, and effectively ban its flagship products from the U.S. market. This litigation is in its earliest stages, and MicroBT has moved promptly to protect its rights.

## III.    Legal Standard

Rule 24 provides two pathways for intervention: intervention as of right and permissive intervention. Fed. R. Civ. P. 24. The Fifth Circuit dictates that "Rule 24 is to be liberally construed," and "doubts resolved in favor of the proposed intervenor." *Wal-Mart Stores, Inc. v. Texas Alcoholic Beverage Comm'n*, 834 F.3d 562, 565 (5th Cir. 2016) (quotation omitted); *Entergy Gulf States La., L.L.C. v. United States EPA*, 817 F.3d 198, 203 (5th Cir. 2016) (quotation omitted).

Under Rule 24(a)(2), a party is entitled to intervene as of right if it establishes four conditions:

1. The motion to intervene is timely;
2. The potential intervenor asserts an interest relating to the property or transaction which is the subject of the action;
3. The applicant is so situated that disposing of the action may as a practical matter impair or impede its ability to protect its interest; and
4. The applicant's interest is inadequately represented by the existing parties.

*Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015) (citing *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463 (5th Cir. 1984)).

Alternatively, Rule 24(b) governs permissive intervention and allows a court, in its discretion, to permit intervention on a timely motion when the applicant "has a claim or defense that shares with the main action a common question of law or fact" so long as the intervention will not unduly delay or prejudice the original parties. *Create Healthy Found. v. Charlemagne Inst.*, No. 1:25-cv-00465-DAE, 2025 U.S. Dist. LEXIS 132727, at * 5 (W.D. Tex. Apr. 25, 2025) (citing Fed. R. Civ. P. 24(b)(3); *Kneeland v. Natl Collegiate Athletic Assn*, 806 F.2d 1285, 1289 (5th Cir. 1987)).

## IV.    Arguments

### A. *MicroBT is Entitled to Intervene as of Right under Rule 24(a)(2)*

#### 1. *MicroBT Has a Direct and Substantial Legal Interest in the Subject Matter*

To satisfy Rule 24(a)(2), other than a pecuniary or property interests, an intervenor's interest can also be "concrete, personalized, and legally protectable." *Texas*, 805 F.3d at 658. It is well-established in patent litigation that a manufacturer has a direct and substantial legally protectable interest in a lawsuit where its customers are sued for using its manufactured products. *See*, *e.g.*, *Team Worldwide Corp. v. Wal-Mart Stores, Inc.*, No. 2:17-CV-00235-JRG, 2017 U.S. Dist. LEXIS 201769, at * 12-13 (E.D. Tex. Dec. 7, 2017) (finding that manufacturers of accused product have a substantial interest in patent case against their customers); *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, No. 6:09-cv-448, 2010 U.S. Dist. LEXIS 150649, at *12 (E.D. Tex. May 10, 2010) ("Courts have held that beyond the injury that might arise from having to indemnify customers, a manufacturer such as Intel faces the loss of its customer base and reputation as a result of patent infringement allegations") (citation omitted).

Plaintiffs' Complaint explicitly names MicroBT's WhatsMiner M30S hardware as an instrument of infringement. *See* Dkt. No. 1 at ¶ 70.   Because the accusations target the

cryptographic and SHA-256 pipeline functionalities built into MicroBT's ASICs, the technology adopted in MicroBT's product is a subject matter of this dispute. *See id.*; *see also id*. at ¶¶140-145 and ¶¶192-202. MicroBT has a direct interest in preventing a judicial determination that its product is infringing, which would destroy its U.S. market and trigger immense indemnification liability to its fleet of commercial customers.

2. *This Action Will Impair MicroBT's Ability to Protect Its Interests.*

As this Court found before, "[a]s the manufacturer of some of the accused products, a ruling of infringement could certainly impact [the intervener]'s customer relationships and trigger indemnity obligations it similarly owes to [the defendant]," therefore, the "disposition of this action may impair or impede [the intervener]'s ability to protect its interests." *LED Wafer Sols. LLC v. Samsung Elecs. Co.*, No. W-21-CV-00292-ADA, 2021 U.S. Dist. LEXIS 224560, at * 10-11 (W.D. Tex. Nov. 22, 2021) (citations omitted).

That is precisely the case here. If MicroBT is excluded from this action, its downstream customer, *i.e.*, Defendant Riot Platforms, Inc., in this case, could be forced to settle or accept an injunction against MicroBT's products. Any such negative outcomes would create severe adverse judicial precedent, crippling the reputation, viability, and commercial sales of the WhatsMiner brand in the United States. MicroBT must be permitted to litigate the non-infringement of its own products directly.

3. *The Existing Parties Do Not Adequately Represent MicroBT's Interests.*

MicroBT's burden of demonstrating inadequate representation is "minimal," as MicroBT needs only show that the representation *may* be inadequate. *Wal-Mart*, 834 F.3d at 569 (quoting *Texas*, 805 F.3d at 662) (emphasis in original).

The existing Defendants are end-users and commercial operators. Their primary litigation focus is minimizing their own operational liabilities and protecting their localized revenue streams. They do not possess the intimate knowledge of MicroBT's products to mount a rigorous defense. *See Uniloc 2017 LLC v. AT&T Mobility LLC*, No. 2:18-CV-00514-JRG, 2019 U.S. Dist. LEXIS 68817, at * 14-15 (E.D. Tex. Apr. 23, 2019) ("while AT&T may have some knowledge relevant to Ericsson's base stations, the Court agrees that Ericsson likely possesses superior knowledge of how the accused [base stations] are configured and operate and is thus better situated to understand and defend its own products")(quotation and quotation marks omitted).

Furthermore, only MicroBT has the ultimate incentive and capability to defend its own interest in the long-term security of its products. *See id*. at *14 ("Although Ericsson and AT&T may have the same ultimate objective—avoiding or minimizing liability, there is a real possibility that those interests may diverge to the extent AT&T's positions and defenses align with the suppliers of other base stations that are also accused of infringing Uniloc's patent"); *see also Xiaohua Huang v. Open-Silicon, Inc.*, No. 18-cv-00707-JSW (LB), 2018 U.S. Dist. LEXIS 221487, at * 7 (N.D. Cal. Aug. 27, 2018) ("Numerous courts have held that the interests of a technology manufacturer may not be adequately represented in a patent-infringement case by parties that merely incorporate that technology into their products") (collecting cases).

### 4. MicroBT's Motion is Timely.

In the Fifth Circuit, in evaluating timeliness, a district court should consider four factors:

(1) The length of time during which the would-be intervenor actually knew or reasonably should have known of its interest in the case before it petitioned for leave to intervene; (2) the extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as it knew or reasonably should have known of its interest in the case; (3) the extent of the prejudice that the would-be intervenor may suffer if intervention is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.

6

*St. Bernard Par. v. Lafarge N. Am., Inc.*, 914 F.3d 969, 974 (5th Cir. 2019) (citations omitted). "Timeliness under mandatory intervention is evaluated more leniently than under permissive intervention." *Rotstain v. Mendez*, 986 F.3d 931, 942 (5th Cir. 2021) (citing *Stallworth v. Monsanto Co.*, 558 F.2d 257, 266 (5th Cir. 1977)). "The analysis is contextual; absolute measures of timeliness should be ignored." *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994) (citation omitted).

    *a.  Length of Time*

For intervention, "the timeliness clock runs either from the time the applicant knew or reasonably should have known of his stake in the case into which he seeks to intervene or from the time he became aware that his stake would no longer be protected by the existing parties to the lawsuit." *Primerica Life Ins. Co. v. Pawlik*, No. MO:20-CV-63-DC, 2022 U.S. Dist. LEXIS 70042, at * 5 (W.D. Tex. Apr. 4, 2022) (quotation omitted). "[A]bsolute measure of timeliness should be ignored," and that the timeliness test "is not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by the failure to appear sooner." *City Bank v. Compass Bank*, No. EP-09-CV-96-KC, 2010 U.S. Dist. LEXIS 34181, at * 7 (W.D. Tex. Apr. 6, 2010) (quoting *Sierra*, 18 F.3d at 1205).

This lawsuit was filed on December 12, 2025. Dkt. No. 1. MicroBT is not a named defendant and is directly mentioned in Plaintiffs' complaint only two times. *Id*. MicroBT only learned about this lawsuit on or around March 20, 2026, through Defendant Riot Platforms, Inc. ("Riot"), after Plaintiffs specifically identified MicroBT's product(s) in its March 17, 2026, Preliminary Infringement Contentions. *See* Exhibit A, Wang Decl. at ¶¶4-6. It took about another month for MicroBT to retain a U.S. counsel and analysis Plaintiff's Preliminary Infringement Contentions to have a better understanding of MicroBT's potential own liabilities in this lawsuit,

which was the same time point when MicroBT realized that its interests could not be fully represented by the existing patties, *i.e.*, its customers, in this case. *See id*. at ¶¶6-9. It then timely filed this motion, about two months after becoming aware that its stake would no longer be adequately protected by the existing parties to the lawsuit. Fact discovery has not opened in this case. Dkt. No. 63 at 3 (fact discovery opens on September 2, 2026). Only Defendant Riot has answered, Dkt. No. 45; the other three Defendants are all seeking dismissal of this case. *See* Dkt. Nos. 42, 43 and 44. Therefore, at this early stage, MicroBT's proposed intervention is unquestionably timely. *See Ass'n of Prof'l Flight Attendants v. Gibbs*, 804 F.2d 318 (5th Cir. 1986) (finding motion to intervene timely where five months passed between interest learned and intervention); *Sewell v. St. Bernard Par. Gov't*, No. 21-2376, 2022 U.S. Dist. LEXIS 251984, 2022 WL 22855266, at *3 (E.D. La. June 14, 2022) (finding intervention timely where motion was filed four months after filing of the initial complaint, two months after defendant filed its answer, one month after the scheduling order was issued, and before the filing of any dispositive motions); *see also U.S. Bank Tr. Nat'l Ass'n v. Kingman Holdings LLC*, Civil Action No. 4:23-cv-597-ALM-KPJ, 2024 U.S. Dist. LEXIS 32252 (E.D. Tex. Feb. 26, 2024) ("While the point to which a suit has progressed is not solely dispositive, the fact that UIF sought intervention early in these proceedings strongly indicates that the Motion to Intervene is timely.") (citations modified).

    b.  *Prejudice to Parties*

This factor is the "most important consideration." *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1073 (5th Cir. 1970). Because MicroBT has moved promptly, and because this action is still in its infancy, no parties that are already in this case will suffer any prejudice.

First, as the Fifth Circuit noticed, "the prejudice to the original parties to the litigation that is relevant to the question of timeliness is only that prejudice which would result from the would-

be intervenor's failure to request intervention as soon as he knew or reasonably should have known about his interest in the action." *Stallworth*, 558 F.2d at 265; *accord. Poynor v. Chesapeake Energy Ltd. P'ship (In re Lease Oil Antitrust Litig.)*, 570 F.3d 244, 248 (5th Cir. 2009) ("Any potential prejudice caused by the intervention itself is irrelevant, because it would have occurred regardless of whether the intervention was timely"). As already briefed above, MicroBT has moved promptly, and this factor favors granting intervention.

    c.   *Prejudice to MicroBT*

"[C]ritical to [this element] is adequacy of representation. If the proposed intervenors' interests are adequately represented, then the prejudice from keeping them out will be slight." *Rotstain*, 986 F.3d at 939 (quoting *Lelsz v. Kavanagh*, 710 F.2d 1040, 1046 (5th Cir. 1983)).

The situation in this case is quite the opposite. As briefed above, MicroBT's interest cannot be adequately represented by the existing parties. Therefore, this factor favors granting intervention as well. *See Vanderstok v. Garland*, Civil Action No. 4:22-cv-00691-O, 2022 U.S. Dist. LEXIS 240078, at * 11-12 (N.D. Tex. Dec. 19, 2022) (finding the intervenor "will undoubtedly be prejudiced if the Court denies intervention and they lose the present opportunity to protect their cognizable interests"); *Lincoln Gen. Ins. Co. v. Aisha's Learning Ctr.*, No. 3:04-CV-0063-B, 2004 U.S. Dist. LEXIS 33085, at * 4 (N.D. Tex. Nov. 9, 2004) (finding the intervenor satisfied this factor because its interests were not adequately represented by the existing party and its participation in the case "is likely to contribute to the development of the underlying issues"); *see also Star Floors Inc. v. TC Millwork Holdings Inc.*, No. 3:23-cv-1618-L, 2024 U.S. Dist. LEXIS 34285, at * 7 (N.D. Tex. Jan. 19, 2024) ("even when there is [']little-to-no prejudice['] if intervention is denied, courts have still found the motion is timely") (citing *Streety v. Parsley*

*Energy Operations, LLC*, No. MO20CV00049DCRCG, 2021 U.S. Dist. LEXIS 259833, 2021 WL 9094350, at *4 (W.D. Tex. Oct. 28, 2021)).

    d.   *Unusual Circumstance*

The last factor is the existence of unusual circumstances militating either for or against a determination that the application is timely. *St. Bernard Par.*, 914 F.3d at 974. MicroBT contends that no unusual circumstances exist in favor or against the finding of timeliness. Therefore, this factor should be neutral. *See*, *e.g.*, *Streety v. Parsley Energy Operations, LLC*, No. MO:20-CV-00049-DC-RCG, 2021 U.S. Dist. LEXIS 259833, at * 11-12 (W.D. Tex. Oct. 28, 2021).

Therefore, because all four timeliness factors are either favorable or neutral to MicroBT, the Court should find that its motion to intervene is timely.

### B.  *Alternatively, the Court Should Grant Permissive Intervention Under Rule 24(b)*

If the Court declines to grant intervention as of right, it should alternatively exercise its discretion to permit intervention under Rule 24(b). *DOH Oil Co. v. QEP Res., Inc.*, No. MO:18-CV-152-DC, 2020 U.S. Dist. LEXIS 242331, at * 11 (W.D. Tex. Mar. 19, 2020) ("Where a would-be intervenor does not demonstrate interests sufficiently weighty to warrant intervention as of right, the court may nevertheless consider eligibility for permissive intervention . . . .") (quotation omitted).

MicroBT satisfies the Rule 24(b) requirements: "(1) the intervenor has a claim or defense that shares with the main action a common question of law or fact, and (2) granting intervention will not unduly delay or prejudice the adjudication of the original parties' rights." *LED Wafer Sols.* 2021 U.S. Dist. LEXIS 224560, at * 13 (citing Fed. R. Civ. P. 24(b)).

Plaintiffs assert that MicroBT's hardware(s) infringed their patent right; MicroBT now seeks declaratory judgment that its product does not infringe; and further asserts as affirmative

defenses that Plaintiffs' cryptographic patents are invalid. *See* Exhibit B, MicroBT's proposed answer and counterclaim. Therefore, common questions of law and fact are shared by Plaintiff's claim(s) and MicroBT's claim and defense. *See U.S. Ethernet Innovations*, 2010 U.S. Dist. LEXIS 150649, at *12-13 (citations omitted) (finding that indemnification agreements between the manufacturer and its customers supports granting manufacturer's intervention request because an offer or agreement to indemnify its customers against enforcement of a patent establishes a legal relationship that traditionally warrants declaratory jurisdiction in a dispute between the manufacturer and a patentee who has threatened or brought suit against the manufacturer's customers); *LED Wafer Sols.* 2021 U.S. Dist. LEXIS 224560, at * 13-14 ("within the defenses are several common questions of law and fact, including whether the claims of the Asserted Patents are valid and enforceable and whether the Accused Products infringe the Asserted Patents") (citations omitted).

## V.      Conclusion

For the foregoing reasons, Proposed Intervenor MicroBT respectfully requests that the Court grant its Unopposed Motion to Intervene and permit it to participate fully as a party-defendant in this action.

DATED June 25, 2026.                              Respectfully submitted,

By: */s/ Timothy T. Wang*
Timothy Wang
NI, WANG & MASSAND, PLLC
8140 Walnut Hill Lane, Suite 615
Dallas, TX  75251
(972) 331-4600
(972) 314-0900 Fax
twang@nilawfirm.com

*Counsel for Defendant-Intervenor*

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of June, 2026, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Western District of Texas, Midland-Odessa Division, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Timothy T. Wang*
Timothy T. Wang