UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| MALIKIE INNOVATIONS LTD. and KEY PATENT INNOVATIONS LTD., <br><br> Plaintiffs, <br><br> v. <br><br> FOUNDRY DIGITAL LLC; FORTITUDE MINING, LLC; RIOT PLATFORMS, INC.; AND CIPHER DIGITAL INC. F/K/A CIPHER MINING INC., <br><br> Defendants. | Civil Action No. 7:25-CV-00567 <br><br> **JURY TRIAL DEMANDED** |

### DEFENDANTS CIPHER DIGITAL INC.'S ANSWER TO COMPLAINT

Defendant Cipher Digital Inc. ("Cipher") answers Plaintiffs Malikie Innovations Ltd. and Key Patent Innovations Ltd. ("Malikie")'s Complaint for Patent Infringement of United States Patent Nos. 8,788,827 (the "'827 Patent"); 8,806,197 (the "'197 Patent"); 8,666,062 (the '062 Patent"); 8,532,286 (the "'286 Patent"); and 8,712,039 (the "'039 Patent") (collectively the "Asserted Patents").

### THE PARTIES[1]

1.      Cipher lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and therefore denies them.

2.      Cipher lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and therefore denies them.

---

[1] For ease of reference, Cipher utilizes the headings used in Malikie's Complaint. In so doing, Cipher does not admit any of the allegations contained in those headings. In addition, Cipher's responses to Malikie's allegations correspond to the numbered paragraphs in the Complaint.

1

3.      Cipher lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and therefore denies them.

4.      Cipher lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and therefore denies them.

5.      Cipher lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and therefore denies them.

6.      Cipher admits it is a Delaware corporation and has an office located at Vanderbilt, Avenue, Floor 54, New York, New York.  Cipher's current corporate name is Cipher Digital Inc. To the extent the allegations of Paragraph 6 of the Complaint purport to quote from or characterize the contents of websites, those websites speak for themselves.  Cipher admits that it has operational facilities in Texas. Cipher denies the remaining allegations in Paragraph 6.

## NATURE OF THE ACTION

7.      Paragraph 7 states a conclusion of law for which no answer is required. To the extent a response is deemed required, Cipher admits that this is a patent infringement action under the patent laws of the United States.

8.      Cipher specifically denies that it has infringed or is infringing any of the Asserted Patents.  Cipher denies the allegations in Paragraph 8.

9.      Cipher admits that, based upon the Patent Office's assignment records, the Asserted Patents appear to be assigned to Malikie.  Cipher denies that the Asserted Patents were "duly and legally issued."  Cipher also denies that Malikie is entitled to any monetary damages or injunctive relief.

**Background**

**FACTS COMMON TO ALL CLAIMS**

10.     To the extent the allegations of Paragraph 10 of the Complaint purport to quote from or characterize the contents of websites, those websites speak for themselves.  Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10, and therefore denies them.

11.     To the extent the allegations of Paragraph 11 of the Complaint purport to quote from or characterize the contents of websites, those websites speak for themselves.  Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11, and therefore denies them.

12.     To the extent the allegations of Paragraph 12 of the Complaint purport to quote from or characterize the contents of websites, those websites speak for themselves.  Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12, and therefore denies them.

13.     To the extent the allegations of Paragraph 13 of the Complaint purport to quote from or characterize the contents of websites, those websites speak for themselves.  Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13, and therefore denies them.

14.     To the extent the allegations of Paragraph 14 of the Complaint purport to quote from or characterize the contents of websites, those websites speak for themselves.  Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14, and therefore denies them..

15.     To the extent the allegations of Paragraph 15 of the Complaint purport to quote from or characterize the contents of websites, those websites speak for themselves.  Cipher lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15, and therefore denies them.

16.    To the extent the allegations of Paragraph 16 of the Complaint purport to quote from or characterize the contents of websites, those websites speak for themselves.  Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16, and therefore denies them.

17.    To the extent the allegations of Paragraph 17 of the Complaint purport to quote from or characterize the contents of websites, those websites speak for themselves.  Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17, and therefore denies them.

18.    To the extent the allegations of Paragraph 18 of the Complaint purport to quote from or characterize the contents of websites, those websites speak for themselves.  Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18, and therefore denies them.

19.    To the extent the allegations of Paragraph 19 of the Complaint purport to quote from or characterize the contents of websites, those websites speak for themselves.  Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19, and therefore denies them.

20.    To the extent the allegations of Paragraph 20 of the Complaint purport to quote from or characterize the contents of websites, those websites speak for themselves.  Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20, and therefore denies them.

21.     To the extent the allegations of Paragraph 21 of the Complaint purport to quote from or characterize the contents of websites, those websites speak for themselves.  Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21, and therefore denies them.

22.     To the extent the allegations of Paragraph 22 of the Complaint purport to quote from or characterize the contents of websites, those websites speak for themselves.  Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22, and therefore denies them.

23.     To the extent the allegations of Paragraph 23 of the Complaint purport to quote from or characterize the contents of websites, those websites speak for themselves.  Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23, and therefore denies them.

24.     To the extent the allegations of Paragraph 24of the Complaint purport to quote from or characterize the contents of websites, those websites speak for themselves.  Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24, and therefore denies them.

25.     To the extent the allegations of Paragraph 25 of the Complaint purport to quote from or characterize the contents of websites, those websites speak for themselves.  Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25, and therefore denies them.

26.     Denied.

27.     Cipher specifically denies that it has infringed or is infringing any of the Asserted Patents. To the extent the allegations of Paragraph 27 of the Complaint purport to quote from or

characterize the contents of websites, those websites speak for themselves. Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27, and therefore denies them.

28. Cipher specifically denies that it has infringed or is infringing any of the Asserted Patents. To the extent the allegations of Paragraph 28 of the Complaint purport to quote from or characterize the contents of websites, those websites speak for themselves. Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28, and therefore denies them.

29. To the extent the allegations of Paragraph 29 of the Complaint purport to quote from or characterize the contents of websites, those websites speak for themselves. Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29, and therefore denies them.

30. To the extent the allegations of Paragraph 30 of the Complaint purport to quote from or characterize the contents of websites, those websites speak for themselves. Cipher admits, based on Patent Office records, that part of the Certicom patent portfolio, including the Asserted Patents, appear to be assigned to Malikie. Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30, and therefore denies them.

31. To the extent the allegations of Paragraph 31 of the Complaint purport to quote from or characterize the contents of websites, those websites speak for themselves. Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31, and therefore denies them.

32.     To the extent the allegations of Paragraph 32 of the Complaint purport to quote from or characterize the contents of websites, those websites speak for themselves.  Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32, and therefore denies them.

33.     To the extent the allegations of Paragraph 33 of the Complaint purport to quote from or characterize the contents of websites, those websites speak for themselves.  Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33, and therefore denies them.

34.     To the extent the allegations of Paragraph 34 of the Complaint purport to quote from or characterize the contents of websites, those websites speak for themselves.  Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34, and therefore denies them.

35.     To the extent the allegations of Paragraph 35 of the Complaint purport to quote from or characterize the contents of websites, those websites speak for themselves.  Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35, and therefore denies them.

36.     To the extent the allegations of Paragraph 36 of the Complaint purport to quote from or characterize the contents of websites, those websites speak for themselves.  Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36, and therefore denies them.

37.     To the extent the allegations of Paragraph 37 of the Complaint purport to quote from or characterize the contents of documents, those documents speak for themselves.  Cipher

lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37, and therefore denies them.

38.    To the extent the allegations of Paragraph 38 of the Complaint purport to quote from or characterize the contents of documents and websites, those documents and websites speak for themselves.  Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 38, and therefore denies them.

39.    To the extent the allegations of Paragraph 39 of the Complaint purport to quote from or characterize the contents of websites, those websites speak for themselves.  Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 39, and therefore denies them.

40.    To the extent the allegations of Paragraph 40 of the Complaint purport to quote from or characterize the contents of documents and websites, those documents and websites speak for themselves.  Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40, and therefore denies them.

41.    To the extent the allegations of Paragraph 41 of the Complaint purport to quote from or characterize the contents of documents and websites, those documents and websites speak for themselves.  Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41, and therefore denies them.

42.    To the extent the allegations of Paragraph 42 of the Complaint purport to quote from or characterize the contents of websites, those websites speak for themselves.  Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 42, and therefore denies them.

43.    To the extent the allegations of Paragraph 43 of the Complaint purport to quote from or characterize the contents of websites, those websites speak for themselves.  Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 43, and therefore denies them.

44.    To the extent the allegations of Paragraph 44 of the Complaint purport to quote from or characterize the contents of websites, those websites speak for themselves.  Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44, and therefore denies them.

45.    To the extent the allegations of Paragraph 45 of the Complaint purport to quote from or characterize the contents of websites, those websites speak for themselves.  Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 45, and therefore denies them.

46.    To the extent the allegations of Paragraph 46 of the Complaint purport to quote from or characterize the contents of websites, those websites speak for themselves.  Cipher admits that it has participated in the Foundry USA Pool.  Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46, and therefore denies them.

47.    To the extent the allegations of Paragraph 47 of the Complaint purport to quote from or characterize the contents of websites, those websites speak for themselves.  Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 47, and therefore denies them.

48.    To the extent the allegations of Paragraph 48 of the Complaint purport to quote from or characterize the contents of websites, those websites speak for themselves.  Cipher lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 48, and therefore denies them.

49.     To the extent the allegations of Paragraph 49 of the Complaint purport to quote from or characterize the contents of websites, those websites speak for themselves.  Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 49, and therefore denies them.

50.     To the extent the allegations of Paragraph 50 of the Complaint purport to quote from or characterize the contents of websites, those websites speak for themselves.  Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 50, and therefore denies them.

51.     To the extent the allegations of Paragraph 51 of the Complaint purport to quote from or characterize the contents of websites, those websites speak for themselves.  Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 51, and therefore denies them.

52.     To the extent the allegations of Paragraph 52 of the Complaint purport to quote from or characterize the contents of websites, those websites speak for themselves.  Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 52, and therefore denies them.

53.     To the extent the allegations of Paragraph 53 of the Complaint purport to quote from or characterize the contents of websites, those websites speak for themselves.  Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 53, and therefore denies them.

54.     To the extent the allegations of Paragraph 54 of the Complaint purport to quote from or characterize the contents of websites, those websites speak for themselves.  Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 54, and therefore denies them.

55.     To the extent the allegations of Paragraph 55 of the Complaint purport to quote from or characterize the contents of documents and websites, those documents and websites speak for themselves.  Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 55, and therefore denies them.

56.     To the extent the allegations of Paragraph 56 of the Complaint purport to quote from or characterize the contents of documents, those documents speak for themselves.  Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 56, and therefore denies them.

57.     To the extent the allegations of Paragraph 57 of the Complaint purport to quote from or characterize the contents of websites, those websites speak for themselves.  Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 57, and therefore denies them.

58.     To the extent the allegations of Paragraph 58 of the Complaint purport to quote from or characterize the contents of websites, those websites speak for themselves.  Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 58, and therefore denies them.

59.     To the extent the allegations of Paragraph 59 of the Complaint purport to quote from or characterize the contents of documents, those documents speak for themselves.  Cipher

lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 59, and therefore denies them.

60.    Cipher admits that it has owned and/or operated Bitcoin mining facilities in the United States. To the extent the allegations of Paragraph 60 of the Complaint purport to quote from or characterize the contents of websites, those websites speak for themselves.  Cipher denies the remaining allegations of Paragraph 60 of the Complaint.

61.    Cipher admits that has reported on its Bitcoin mining operations in 2024 and 2025 as described in Paragraph 61.  Cipher admits that it has had Bitcoin mining operations at facilities located in the Western District of Texas.  To the extent the allegations of Paragraph 61 of the Complaint purport to quote from or characterize the contents of websites, those websites speak for themselves.  Cipher denies the remaining allegations of Paragraph 61 of the Complaint.

62.    Cipher denies that the focus of its business is currently mining Bitcoin or that the main source of its revenue is currently Bitcoin mining.  To the extent the allegations of Paragraph 62 of the Complaint purport to quote from or characterize the contents of documents, those documents speak for themselves.  Cipher denies the remaining allegations of Paragraph 62 of the Complaint.

63.    Cipher admits Paragraph 63 contains a quote from Cipher's 2025 10-K, which speaks for itself.  Cipher denies the remaining allegations of Paragraph 63 of the Complaint.

64.    Cipher admits that it has participated in the Foundry USA Pool.  To the extent the allegations of Paragraph 64 of the Complaint purport to quote from or characterize the contents of documents and websites, those documents and websites speak for themselves.  Cipher denies the remaining allegations of Paragraph 64 of the Complaint.

65.    Cipher admits Paragraph 65 contains a quote from Cipher's 2025 10-K, which speaks for itself.  Cipher denies the remaining allegations of Paragraph 65 of the Complaint.

66.    To the extent Paragraph 66 contains allegations about other Defendants, Cipher lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis denies them.  Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 66, and therefore denies them.

67.    To the extent the allegations of Paragraph 67 of the Complaint purport to quote from or characterize the contents of websites, those websites speak for themselves.  Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 67, and therefore denies them.

68.    To the extent the allegations of Paragraph 68 of the Complaint purport to quote from or characterize the contents of websites, those websites speak for themselves.  Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 68, and therefore denies them.

69.    To the extent the allegations of Paragraph 69 of the Complaint purport to quote from or characterize the contents of websites, those websites speak for themselves.  Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 69, and therefore denies them.

70.    To the extent the allegations of Paragraph 70 of the Complaint purport to quote from or characterize the contents of websites, those websites speak for themselves.  Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 70, and therefore denies them.

71.     To the extent the allegations of Paragraph 71 of the Complaint purport to quote from or characterize the contents of websites, those websites speak for themselves.  Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 71, and therefore denies them.

72.     To the extent the allegations of Paragraph 72 of the Complaint purport to quote from or characterize the contents of websites, those websites speak for themselves.  Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 72, and therefore denies them.

73.     To the extent the allegations of Paragraph 73 of the Complaint purport to quote from or characterize the contents of websites, those websites speak for themselves.  Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 73, and therefore denies them.

74.     To the extent the allegations of Paragraph 74 of the Complaint purport to quote from or characterize the contents of websites, those websites speak for themselves.  Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 74, and therefore denies them.

75.     To the extent the allegations of Paragraph 75 of the Complaint purport to quote from or characterize the contents of websites, those websites speak for themselves.  Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 75, and therefore denies them.

76.     Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 76, and therefore denies them.

77.    To the extent the allegations of Paragraph 77 of the Complaint purport to quote from or characterize the contents of documents, those documents speak for themselves. Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 77, and therefore denies them.

78.    To the extent the allegations of Paragraph 78 of the Complaint purport to quote from or characterize the contents of documents, those documents speak for themselves. Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 78, and therefore denies them.

79.    To the extent the allegations of Paragraph 79 of the Complaint purport to quote from or characterize the contents of documents, those documents speak for themselves. Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 79, and therefore denies them.

80.    To the extent the allegations of Paragraph 80 of the Complaint purport to quote from or characterize the contents of documents, those documents speak for themselves. Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 80, and therefore denies them.

81.    To the extent the allegations of Paragraph 81 of the Complaint purport to quote from or characterize the contents of documents and websites, those documents and websites speak for themselves. Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 81, and therefore denies them.

82.    To the extent the allegations of Paragraph 82 of the Complaint purport to quote from or characterize the contents of websites, those websites speak for themselves. Cipher lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 82, and therefore denies them.

83.     To the extent the allegations of Paragraph 83 of the Complaint purport to quote from or characterize the contents of documents, those documents speak for themselves.  Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 83, and therefore denies them.

84.     Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 84, and therefore denies them.

85.     Cipher admits that it has engaged in Bitcoin mining activities since 2022. To the extent the allegations of Paragraph 85 of the Complaint purport to quote from or characterize the contents of websites, those websites speak for themselves.  Cipher denies the remaining allegations of Paragraph 85 of the Complaint.

86.     Cipher admits that it has engaged in Bitcoin mining activities using Bitcoin miners manufactured by Bitmain. To the extent the allegations of Paragraph 86 of the Complaint purport to quote from or characterize the contents of documents, those documents speak for themselves. Cipher denies the remaining allegations of Paragraph 86 of the Complaint.

87.     Cipher admits that it has participated in the Foundry USA Pool.  To the extent the allegations of Paragraph 87 of the Complaint purport to quote from or characterize the contents of documents, those documents speak for themselves.  Cipher denies the remaining allegations of Paragraph 87 of the Complaint.

88.     Cipher denies that it generates digital signatures using the Bitcoin protocol. To the extent the allegations of Paragraph 88 of the Complaint purport to quote from or characterize the

contents of documents and websites, those documents and websites speak for themselves. Cipher denies the remaining allegations of Paragraph 88 of the Complaint.

89.     Cipher denies that it verifies digital signatures using the Bitcoin protocol. To the extent the allegations of Paragraph 89 of the Complaint purport to quote from or characterize the contents of websites, those websites speak for themselves. Cipher denies the remaining allegations of Paragraph 89 of the Complaint.

90.     Cipher admits that it has used digital wallets for receiving and transferring Bitcoin. To the extent the allegations of Paragraph 90 of the Complaint purport to quote from or characterize the contents of documents, those documents speak for themselves. Cipher denies the remaining allegations of Paragraph 90 of the Complaint.

91.     Denied.

92.     Denied.

### PATENTS IN SUIT

93.     Cipher admits that, based upon Patent Office records, the Asserted Patents are assigned to Malikie.

94.     Cipher admits that the Asserted Patents appear to have been originally assigned to Certicom employees. To the extent the allegations of Paragraph 89 of the Complaint purport to quote from or characterize the contents of websites, those websites speak for themselves. Cipher denies the remaining allegations of Paragraph 94 of the Complaint.

95.     Cipher denies that the Asserted Patents claim anything innovative or inventive. Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 95, and on that basis denies them.

**'827 and '197 Patents**

96.    Cipher incorporates by reference its responses to Paragraphs 1-95 of the Complaint.

97.    Cipher admits that U.S. Patent No. 8,788,827 (the "'827 patent") states that it issued on July 22, 2014 and states that it is entitled "Accelerated Verification of Digital Signatures and Public Keys." Cipher denies that the '827 patent was "duly and legally issued." Cipher admits that the '827 patent was filed on September 14, 2012. Cipher otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 97, and on that basis denies them.

98.    Cipher lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98, and on that basis denies them.

99.    Cipher admits that U.S. Patent No. 8.806,197 (the "'197 patent") states that it issued on August 12, 2014 and states that it is entitled "Accelerated Verification of Digital Signatures and Public Keys." Cipher denies that the '827 patent was "duly and legally issued." Cipher admits that the '197 patent was filed on May 23, 2012. Cipher otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 99, and on that basis denies them.

100.   Cipher lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100, and on that basis denies them.

101.   Cipher admits that the '827 patent and '197 patent share the same title, specification, and inventors. Cipher denies the remaining allegations in Paragraph 101 of the Complaint.

102.    To the extent the allegations of Paragraph 102 of the Complaint purport to quote from or characterize the contents of the '197 or '827 patents, those patents speak for themselves. Cipher denies the remaining allegations of Paragraph 102 of the Complaint.

103.    To the extent the allegations of Paragraph 103 of the Complaint purport to quote from or characterize the contents of the '197 or '827 patents or websites, those patents and websites speak for themselves.  Cipher denies the remaining allegations of Paragraph 103 of the Complaint.

104.    To the extent the allegations of Paragraph 104 of the Complaint purport to quote from or characterize the contents of the '197 or '827 patents or websites, those patents and websites speak for themselves.  Cipher denies the remaining allegations of Paragraph 104 of the Complaint.

105.    To the extent the allegations of Paragraph 105 of the Complaint purport to quote from or characterize the contents of the '197 or '827 patents or websites, those patents and websites speak for themselves.  Cipher denies the remaining allegations of Paragraph 105 of the Complaint.

106.    To the extent the allegations of Paragraph 106 of the Complaint purport to quote from or characterize the contents of the '197 or '827 patents, those patents speak for themselves. Cipher denies the remaining allegations of Paragraph 106 of the Complaint.

107.    To the extent the allegations of Paragraph 107 of the Complaint purport to quote from or characterize the contents of the '197 or '827 patents, those patents speak for themselves. Cipher denies the remaining allegations of Paragraph 107 of the Complaint.

108.    To the extent the allegations of Paragraph 108 of the Complaint purport to quote from or characterize the contents of the '197 or '827 patents, those patents speak for themselves. Cipher denies the remaining allegations of Paragraph 108 of the Complaint.

109.    To the extent the allegations of Paragraph 109 of the Complaint purport to quote from or characterize the contents of the '197 or '827 patents, those patents speak for themselves. Cipher denies the remaining allegations of Paragraph 109 of the Complaint.

110.    To the extent the allegations of Paragraph 110 of the Complaint purport to quote from or characterize the contents of the '197 or '827 patents, those patents speak for themselves. Cipher denies the remaining allegations of Paragraph 110 of the Complaint.

111.    Cipher denies that the '197 and '827 patents describe any technological solutions to technological problems. To the extent the allegations of Paragraph 111 of the Complaint purport to quote from or characterize the contents of the '197 or '827 patents, those patents speak for themselves. Cipher denies the remaining allegations of Paragraph 111 of the Complaint.

112.    Cipher denies that the '197 and '827 patents describe any technological solutions to technological problems. To the extent the allegations of Paragraph 112 of the Complaint purport to quote from or characterize the contents of the '197 or '827 patents, those patents speak for themselves. Cipher denies the remaining allegations of Paragraph 112 of the Complaint.

113.    Cipher denies that the '197 and '827 patents describe any technological improvements. To the extent the allegations of Paragraph 113 of the Complaint purport to quote from or characterize the contents of the '197 or '827 patents, those patents speak for themselves. Cipher denies the remaining allegations of Paragraph 113 of the Complaint.

114.    Cipher denies that the '197 and '827 patents describe any technological improvements. To the extent the allegations of Paragraph 114 of the Complaint purport to quote from or characterize the contents of the '197 or '827 patents, those patents speak for themselves. Cipher denies the remaining allegations of Paragraph 114 of the Complaint.

### '062 Patent

115.    Cipher incorporates by reference its response to Paragraphs 1-114 of the Complaint.

116.     Cipher admits that U.S. Patent No. 8,666,062 ("the '062 patent") states that it issued on March 4, 2014 and states that it is entitled "Method and Apparatus for Performing Finite Field Calculations." Cipher denies that the '062 patent was "duly and legally issued."  Cipher admits that the '062 patent was filed on April 11, 2008.  Cipher otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 116, and on that basis denies them.

117.     Cipher lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117, and on that basis denies them.

118.     Cipher admits that the '062 patent relates to finite field engines and methods for use with cryptographic systems.  Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 118, and on that basis denies them.

119.     To the extent the allegations of Paragraph 119 of the Complaint purport to quote from or characterize the contents of the '062 patent, the patent speaks for itself.  Cipher denies the remaining allegations of Paragraph 119 of the Complaint.

120.     To the extent the allegations of Paragraph 120 of the Complaint purport to quote from or characterize the contents of the '062 patent, the patent speaks for itself.  Cipher denies the remaining allegations of Paragraph 120 of the Complaint.

121.     To the extent the allegations of Paragraph 121 of the Complaint purport to quote from or characterize the contents of the '062 patent, the patent speaks for itself.  Cipher denies the remaining allegations of Paragraph 121 of the Complaint.

21

122.    To the extent the allegations of Paragraph 122 of the Complaint purport to quote from or characterize the contents of the '062 patent, the patent speaks for itself.  Cipher denies the remaining allegations of Paragraph 122 of the Complaint.

123.    To the extent the allegations of Paragraph 123 of the Complaint purport to quote from or characterize the contents of the '062 patent, the patent speaks for itself.  Cipher denies the remaining allegations of Paragraph 123 of the Complaint.

124.    To the extent the allegations of Paragraph 124 of the Complaint purport to quote from or characterize the contents of the '062 patent, the patent speaks for itself.  Cipher denies the remaining allegations of Paragraph 124 of the Complaint.

125.    To the extent the allegations of Paragraph 125 of the Complaint purport to quote from or characterize the contents of the '062 patent, the patent speaks for itself.  Cipher denies the remaining allegations of Paragraph 125 of the Complaint.

126.    Denied.

127.    Cipher denies that the '062 patent describes any technological benefits.  Cipher further denies that the '062 patent describes any technological improvements.  To the extent the allegations of Paragraph 127 of the Complaint purport to quote from or characterize the contents of the '062 patent, the patent speaks for itself.  Cipher denies the remaining allegations of Paragraph 127 of the Complaint.

**'286 Patent**

128.    Cipher incorporates by reference its responses to Paragraphs 1-127 of the Complaint.

129.    Cipher admits that U.S. Patent No. 8,532,286 (the "'286 patent") states that it issued on September 10, 2013 and states that it is entitled "System and Method for Reducing the Computation and Storage Requirements for a Montgomery-Style Reduction." Cipher denies that

the '286 patent was "duly and legally issued." Cipher admits that the '286 patent was filed on July 19, 2010. Cipher otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 129, and on that basis denies them.

130.    Cipher lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130, and on that basis denies them.

131.    Cipher admits that the '286 patent relates methods of performing modular arithmetic. Cipher lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 130, and on that basis denies them.

132.    To the extent the allegations of Paragraph 132 of the Complaint purport to quote from or characterize the contents of the '286 patent, the patent speaks for itself. Cipher denies the remaining allegations of Paragraph 132 of the Complaint.

133.    To the extent the allegations of Paragraph 133 of the Complaint purport to quote from or characterize the contents of the '286 patent, the patent speaks for itself. Cipher denies the remaining allegations of Paragraph 133 of the Complaint.

134.    To the extent the allegations of Paragraph 134 of the Complaint purport to quote from or characterize the contents of the '286 patent, the patent speaks for itself. Cipher denies the remaining allegations of Paragraph 134 of the Complaint.

135.    To the extent the allegations of Paragraph 135 of the Complaint purport to quote from or characterize the contents of the '286 patent, the patent speaks for itself. Cipher denies the remaining allegations of Paragraph 135 of the Complaint.

136.    To the extent the allegations of Paragraph 136 of the Complaint purport to quote from or characterize the contents of the '286 patent, the patent speaks for itself. Cipher denies the remaining allegations of Paragraph 136 of the Complaint.

137.    To the extent the allegations of Paragraph 137 of the Complaint purport to quote from or characterize the contents of the '286 patent, the patent speaks for itself.  Cipher denies the remaining allegations of Paragraph 137 of the Complaint.

138.    Denied.

139.    Cipher denies that the '286 patent describes anything new or inventive.  Cipher further denies that the '286 patent describes any technological improvements.  To the extent the allegations of Paragraph 139 of the Complaint purport to quote from or characterize the contents of the '286 patent, the patent speaks for itself.  Cipher denies the remaining allegations of Paragraph 139 of the Complaint.

### '039 Patent

140.    Cipher incorporates by reference Paragraphs 1-139 of the Complaint.

141.    Cipher admits that U.S. Patent No. 8,712,039 ("the '039 patent") states that it issued on April 29, 2014 and states that it is entitled "Efficient Implementation of Hash Algorithm on a Processor."  Cipher denies that the '039 patent was "duly and legally issued."  Cipher admits that the '039 patent was filed on April 5, 2012.  Cipher otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 129, and on that basis denies them.

142.    Cipher lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 142, and on that basis denies them.

143.    To the extent the allegations of Paragraph 143 of the Complaint purport to quote from or characterize the contents of the '039 patent, the patent speaks for itself.  Cipher denies the remaining allegations of Paragraph 143 of the Complaint.

144. To the extent the allegations of Paragraph 144 of the Complaint purport to quote from or characterize the contents of the '039 patent or websites, the patent and websites speak for themselves. Cipher denies the remaining allegations of Paragraph 144 of the Complaint.

145. Cipher denies that the '039 patent describes any technological solutions to technological problems. Cipher further denies that the '039 patent describes anything new or inventive. To the extent the allegations of Paragraph 145 of the Complaint purport to quote from or characterize the contents of the '039 patent, the patent speaks for itself. Cipher denies the remaining allegations of Paragraph 145 of the Complaint.

## JURISDICTION AND VENUE

146. Cipher incorporates by reference its responses to Paragraphs 1-145 of the Complaint.

147. Paragraph 147 states conclusions of law for which no answer is required. To the extent a response is deemed required, based on its investigation to date, Cipher admits that this is a patent infringement action under the patent laws of the United States and that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a).

148. Paragraph 148 states conclusions of law for which no answer is required. To the extent a response is deemed required, based on its investigation to date, Cipher denies the allegations in Paragraph 148. Cipher further denies that it has committed any acts of patent infringement.

149. Paragraph 149 states conclusions of law for which no answer is required. To the extent Paragraph 149 contains allegations about other Defendants, Cipher lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis denies them. To the extent the allegations of Paragraph 149 of the Complaint purport to quote from or characterize the contents of websites, those websites speak for themselves. Cipher admits that it

25

has conducted Bitcoin mining operations in the Western District of Texas. Cipher denies the remaining allegations of Paragraph 149 of the Complaint.

150. Cipher lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150, and therefore denies them.

151. Cipher admits that it has had bitcoin mining facilities in this District. To the extent the allegations of Paragraph 151 of the Complaint purport to quote from or characterize the contents of websites, those websites speak for themselves. Cipher denies the remaining allegations of Paragraph 151 of the Complaint.

152. Cipher lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152, and therefore denies them.

153. To the extent the allegations of Paragraph 153 of the Complaint purport to quote from or characterize the contents of websites, those websites speak for themselves. Cipher denies the remaining allegations of Paragraph 153 of the Complaint.

154. Denied.

155. Paragraph 155 of the Complaint contains conclusions of law to which no response is required. Cipher admits for the purpose of this action only that this Court has personal jurisdiction over it.

156. Paragraph 156 of the Complaint contains conclusions of law to which no response is required. Cipher admits for the purpose of this action only that venue is proper under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

157. Cipher specifically denies that it has infringed or is infringing any of the Asserted Patents. Cipher admits that it has had Bitcoin mining facilities in this district. To the extent Paragraph 157 contains allegations about other Defendants, Cipher lacks knowledge or

information sufficient to form a belief as to the truth of those allegations, and on that basis denies them. Cipher denies any remaining allegations of Paragraph 157 of the Complaint.

## JOINDER

158. Cipher incorporates by reference its responses to Paragraphs 1-157 of this Complaint.

159. Denied.

160. Cipher denies that joinder is proper based upon the Defendants' use of similar products or processes for Bitcoin mining.

## FIRST CLAIM

## (The '827 Patent)

161. Cipher incorporates by reference Paragraphs 1-160 of this Complaint.

162. Cipher denies that the '827 patent is directed to any technological improvement. To the extent the allegations of Paragraph 162 of the Complaint purport to quote from or characterize the contents of the '827 patent, the '827 patent speaks for itself. Cipher denies any remaining allegations of Paragraph 162 of the Complaint.

163. Cipher lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 163, and on that basis denies them.

164. Cipher lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 164, and on that basis denies them.

165. Cipher admits that it received correspondence dated March 28, 2025 relating to Malikie's patent portfolio. Cipher specifically denies that it has infringed or is infringing any of the Asserted Patents. Cipher denies the remaining allegations of Paragraph 165 of the Complaint.

166. Cipher lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 166, and on that basis denies them.

167.   Denied.

168.   Denied.

169.   Denied.

## SECOND CLAIM

## (The '197 Patent)

170.   Cipher incorporates by reference its responses to Paragraphs 1-169 of this Complaint.

171.   Cipher denies that the '197 patent is directed to any technological improvement. To the extent the allegations of Paragraph 171 of the Complaint purport to quote from or characterize the contents of the '197 patent, the '197 patent speaks for itself.  Cipher denies any remaining allegations of Paragraph 171 of the Complaint.

172.   Cipher lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 172, and on that basis denies them.

173.   Cipher lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 173, and on that basis denies them.

174.   Cipher admits that it received correspondence dated March 28, relating to Malikie's patent portfolio.  Cipher specifically denies that it has infringed or is infringing any of the Asserted Patents.  Cipher denies the remaining allegations of Paragraph 174 of the Complaint.

175.   Cipher lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 175, and on that basis denies them.

176.   Denied.

177.   Denied.

178.   Denied.

## THIRD CLAIM

### (The '062 Patent)

179.    Cipher incorporates by reference its responses to Paragraphs 1-178 of this Complaint.

180.    Cipher denies that the '062 patent is directed to any technological improvement. Cipher denies any remaining allegations of Paragraph 180 of the Complaint.

181.    Cipher lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 181, and on that basis denies them.

182.    Cipher lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 182, and on that basis denies them.

## FOURTH CLAIM

### (The '286 Patent)

183.    Cipher incorporates by reference its responses to Paragraphs 1-182 of this Complaint.

184.    Cipher denies that the '286 patent is directed to any technological improvement. To the extent the allegations of Paragraph 184 of the Complaint purport to quote from or characterize the contents of the '286 patent, the '286 patent speaks for itself.  Cipher denies any remaining allegations of Paragraph 184 of the Complaint.

185.    Cipher lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 185, and on that basis denies them.

186.    Cipher lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 186, and on that basis denies them.

187.     Cipher admits that it received correspondence dated March 28, 2025 relating to Malikie's patent portfolio.  Cipher specifically denies that it has infringed or is infringing any of the Asserted Patents.  Cipher denies the remaining allegations of Paragraph 187 of the Complaint.

188.     Cipher lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 188, and on that basis denies them.

189.     Denied.

190.     Denied.

191.     Denied.

**FIFTH CLAIM**

**(The '039 Patent)**

192.     Cipher incorporates by reference its responses to Paragraphs 1-191 of this Complaint.

193.     Cipher denies that the '039 patent is directed to any technological improvement. To the extent the allegations of Paragraph 193 of the Complaint purport to quote from or characterize the contents of the '039 patent, the '039 patent speaks for itself.  Cipher denies any remaining allegations of Paragraph 193 of the Complaint.

194.     Cipher lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 194, and on that basis denies them.

195.     Cipher lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 195, and on that basis denies them.

196.     Cipher admits that it received correspondence dated March 28, 2025 relating to Malikie's patent portfolio.  Cipher specifically denies that it has infringed or is infringing any of the Asserted Patents.  Cipher denies the remaining allegations of Paragraph 196 of the Complaint.

30

197.    Cipher lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 197, and on that basis denies them.

198.    Denied.

199.    Denied.

200.    Denied.

201.    Denied.

202.    Denied.

## JURY DEMANDED

Cipher demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Cipher denies subparagraphs A-J of Plaintiffs' Prayer for Relief.  Cipher denies that Plaintiffs are entitled to any relief from Cipher. Cipher denies all allegations of Plaintiffs' Complaint not specifically admitted above.

## CIPHER'S DEFENSES

By alleging the defenses set forth below, Cipher does not agree or concede that it bears the burden of proof or the burden of persuasion on any of these issues, whether in whole or in part. Cipher reserves all rights to allege additional defenses that become known through the course of discovery. Cipher alleges and asserts the following defenses in response to Plaintiffs' allegations in the Complaint and each claim for relief therein:

### First Affirmative Defense
(*Non-Infringement*)

1.    Cipher does not make, use, sell, offer for sale, or import into the United States, and has not made, used, sold, offered for sale or imported into the United States, any products or methods that infringe any valid claim of the patents asserted in the Complaint, either directly,

31

indirectly, contributorily, literally or through the doctrine of equivalents, or otherwise, and has not induced others to infringe, or otherwise indirectly infringed, any valid claim of the patents asserted in the Complaint.

## Second Affirmative Defense
(*Invalidity*)

2.      One or more claims of the patents asserted in the Complaint are invalid and/or unenforceable for failure to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101 et seq., including 35 U.S.C. §§ 101, 102, 103, 112, 116, and/or 256.

## Third Affirmative Defense
(*Limitation on Damages / Failure to Mark*)

3.      On information and belief, to the extent Plaintiffs seek damages otherwise accruing prior to six years before it filed its Complaint, such damages are barred by 35 U.S.C. § 286. The relief sought by Plaintiffs' based on Cipher's alleged infringement of the Asserted Patents is further limited by 35 U.S.C. § 287 to the extent the owner(s) of the Asserted Patents, and/or their licensees, failed to mark allegedly practicing products.

## Fourth Affirmative Defense
(*Waiver, Laches, Estoppel, Acquiescence, and Unclean Hands*)

4.      On information and belief, Plaintiffs' claims for relief are barred in whole or in part by waiver, laches, equitable estoppel (including, without limitation, judicial estoppel and administrative estoppel), acquiescence and/or unclean hands.

## Fifth Affirmative Defense
(*Prosecution History Estoppel*)

5.      Plaintiffs are estopped, based on statements, representations, and admissions made during prosecution of the patent applications that led to the Asserted Patents, from asserting that

32

the claims of the Asserted Patents are infringed by Cipher or Cipher's products or services, either directly, indirectly, contributorily, through the doctrine of equivalents, or otherwise.

## Sixth Affirmative Defense
(*No Equitable Entitlement to Injunctive Relief*)

6.    On information and belief, Plaintiffs are not entitled to equitable relief with respect to the Asserted Patents under any theory because Plaintiffs have not and will not suffer irreparable harm, Plaintiffs have not established that it practices the Asserted Patents, Plaintiffs are not without adequate remedy at law, the balance of the hardships do not favor entry of an injunction, and/or public policy concerns weigh against any equitable relief.

## Seventh Affirmative Defense
(*No Costs*)

7.    On information and belief, Plaintiffs are barred from recovering costs associated with this action with respect to the Asserted Patents under 35 U.S.C. § 288.

## Eighth Affirmative Defense
(*Ensnarement*)

8.    To the extent that Plaintiffs claim claims infringement under the doctrine of equivalents, Plaintiffs' claims are barred under the ensnarement doctrine, which prohibits Plaintiffs from asserting an infringement theory under the doctrine of equivalents that encompasses, or "ensnares," the prior art.

## Ninth Affirmative Defense
(*Lack of Standing*)

9.    To the extent any third party has or should have ownership rights in the Asserted Patents, Plaintiffs lack standing in this action.

**Tenth Affirmative Defense**
(*License/Patent Exhaustion*)

10.     One or more of Plaintiffs' claims are barred, in whole or in part, to the extent that rights to the Asserted Patents have been exhausted and/or are licensed to Cipher.

**Reservation of Defenses**

11.     Cipher reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation.

**COUNTERCLAIMS**

For its counterclaims against Malikie, Counterclaim-plaintiff Cipher alleges as follows:

**PARTIES AND JURISDICTION**

1.     Cipher is a Delaware corporation with offices located at 1 Vanderbilt Avenue, Floor 54, New York, New York.

2.     Upon information and belief, Plaintiff Malikie is Malikie is an Irish entity duly organized and existing under the laws of Ireland. Malikie has registered offices at: The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland.

3.     Upon information and belief, Plaintiff KPI is an Irish entity duly organized and existing under the laws of Ireland. KPI has registered offices at: The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland.

4.     This is an action for declaratory judgment of non-infringement and invalidity arising under the patent laws of the United States, 35 U.S.C. § 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. Thus, this Court has subject-matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a), in combination with 28 U.S.C. §§ 2201-

34

2202. An actual controversy exists under the Declaratory Judgment Act because Malikie has asserted and is asserting infringement of the '827, '197, '286, and '038 patents (collectively, the "Asserted Patents") by Cipher, and Cipher denies those assertions.

5.      Personal jurisdiction and venue over Malikie in this District are proper because Malikie has sued Cipher in this Court.

## COUNT I – NON-INFRINGEMENT OF THE '827 PATENT

6.      Cipher repeats and realleges the allegations set forth in paragraphs 1 through 5 of this Counterclaim, above, as if set forth fully herein.

7.      Malikie claims that it is the owner of all rights, title, and interest in and to the '827 patent. Malikie has expressly charged Cipher with infringement of the '827 patent by filing a Complaint for Patent Infringement against Cipher on December 12, 2025.

8.      Cipher has not infringed and does not infringe, directly or indirectly, any valid or enforceable claim of the '827 patent, either literally or under the doctrine of equivalents.

9.      Malikie's Complaint for Patent Infringement alleges that "Cipher…also indirectly infringed, and continue to indirectly infringe the '827 Patent under 35 U.S.C. § 271(b) by knowingly, intentionally actively aiding, abetting, and inducing others, including Foundry, to directly infringe at least claim 1 of the '827 patent[.]"  Accordingly, a valid and justiciable controversy has arisen and exists between Malikie and Cipher.

10.     Cipher desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

11.     Cipher is entitled to a declaratory judgment that it has not infringed, and does not infringe, the '827 patent.

## COUNT II – INVALIDITY OF THE '827 PATENT

12.    Cipher repeats and realleges the allegations set forth in paragraphs 1 through 10 of this Counterclaim, above, as if set forth fully herein.

13.    Cipher contends that the claims of the '827 patent are invalid for failure to comply with the conditions for patentability, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, 116, and/or 256.

14.    Malikie's Complaint alleges that the '827 patent was "duly and legally issued[.]" Accordingly, a valid and justiciable controversy has arisen and exists between Malikie and Cipher.

15.    Cipher desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

16.    Cipher is entitled to a declaratory judgment that the claims of the '827 patent are invalid.

## COUNT III – NON-INFRINGEMENT OF THE '197 PATENT

17.    Cipher repeats and realleges the allegations set forth in paragraphs 1 through 16 of this Counterclaim, above, as if set forth fully herein.

18.    Malikie claims that it is the owner of all rights, title, and interest in and to the '197 patent. Malikie has expressly charged Cipher with infringement of the '197 patent by filing a Complaint for Patent Infringement against Cipher on December 12, 2025.

19.    Cipher has not infringed and does not infringe, directly or indirectly, any valid or enforceable claim of the '197 patent, either literally or under the doctrine of equivalents.

20.    Malikie's Complaint for Patent Infringement alleges that "Cipher…also indirectly infringed, and continue to indirectly infringe the '197 Patent under 35 U.S.C. § 271(b) by knowingly, intentionally actively aiding, abetting, and inducing others, including Foundry, to

36

directly infringe at least claim 1 of the '197 patent[.]" Accordingly, a valid and justiciable controversy has arisen and exists between Malikie and Cipher.

21.     Cipher desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

22.     Cipher is entitled to a declaratory judgment that it has not infringed, and does not infringe, the '197 patent.

<b><u>COUNT IV – INVALIDITY OF THE '197 PATENT</u></b>

23.     Cipher repeats and realleges the allegations set forth in paragraphs 1 through 22 of this Counterclaim, above, as if set forth fully herein.

24.     Cipher contends that the claims of the '197 patent are invalid for failure to comply with the conditions for patentability, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, 116, and/or 256.

25.     Malikie's Complaint alleges that the '197 patent was "duly and legally issued[.]" Accordingly, a valid and justiciable controversy has arisen and exists between Malikie and Cipher.

26.     Cipher desires a judicial determination and declaration of the respective rights and duties of the parties herein.  Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

27.     Cipher is entitled to a declaratory judgment that the claims of the '197 patent are invalid.

<b><u>COUNT V – NON-INFRINGEMENT OF THE '286 PATENT</u></b>

28.     Cipher repeats and realleges the allegations set forth in paragraphs 1 through 26 of this Counterclaim, above, as if set forth fully herein.

37

29. Malikie claims that it is the owner of all rights, title, and interest in and to the '197 patent. Malikie has expressly charged Cipher with infringement of the '286 patent by filing a Complaint for Patent Infringement against Cipher on December 12, 2025.

30. Cipher has not infringed and does not infringe, directly or indirectly, any valid or enforceable claim of the '286 patent, either literally or under the doctrine of equivalents.

31. Malikie's Complaint for Patent Infringement alleges that "Cipher…also indirectly infringed, and continue to indirectly infringe the '286 Patent under 35 U.S.C. § 271(b) by knowingly, intentionally actively aiding, abetting, and inducing others, including Foundry, to directly infringe at least claim 1 of the '286 patent[.]" Accordingly, a valid and justiciable controversy has arisen and exists between Malikie and Cipher.

32. Cipher desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

33. Cipher is entitled to a declaratory judgment that it has not infringed, and does not infringe, the '286 patent.

## COUNT VI – INVALIDITY OF THE '286 PATENT

34. Cipher repeats and realleges the allegations set forth in paragraphs 1 through 33 of this Counterclaim, above, as if set forth fully herein.

35. Cipher contends that the claims of the '286 patent are invalid for failure to comply with the conditions for patentability, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, 116, and/or 256.

36. Malikie's Complaint alleges that the '286 patent was "duly and legally issued[.]" Accordingly, a valid and justiciable controversy has arisen and exists between Malikie and Cipher.

38

37.    Cipher desires a judicial determination and declaration of the respective rights and duties of the parties herein.  Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

38.    Cipher is entitled to a declaratory judgment that the claims of the '286 patent are invalid.

## COUNT VII – NON-INFRINGEMENT OF THE '039 PATENT

39.    Cipher repeats and realleges the allegations set forth in paragraphs 1 through 38 of this Counterclaim, above, as if set forth fully herein.

40.    Malikie claims that it is the owner of all rights, title, and interest in and to the '197 patent. Malikie has expressly charged Cipher with infringement of the '039 patent by filing a Complaint for Patent Infringement against Cipher on December 12, 2025.

41.    Cipher has not infringed and does not infringe, directly or indirectly, any valid or enforceable claim of the '039 patent, either literally or under the doctrine of equivalents.

42.    Malikie's Complaint for Patent Infringement alleges that "Cipher…also indirectly infringed, and continue to indirectly infringe the '039 Patent under 35 U.S.C. § 271(b) by knowingly, intentionally actively aiding, abetting, and inducing others, including Foundry, to directly infringe at least claim 1 of the '039 patent[.]"  Accordingly, a valid and justiciable controversy has arisen and exists between Malikie and Cipher.

43.    Cipher desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

44.    Cipher is entitled to a declaratory judgment that it has not infringed, and does not infringe, the '039 patent.

## COUNT VIII – INVALIDITY OF THE '039 PATENT

45.    Cipher repeats and realleges the allegations set forth in paragraphs 1 through 44 of this Counterclaim, above, as if set forth fully herein.

46.    Cipher contends that the claims of the '039 patent are invalid for failure to comply with the conditions for patentability, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, 116, and/or 256.

47.    Malikie's Complaint alleges that the '039 patent was "duly and legally issued[.]" Accordingly, a valid and justiciable controversy has arisen and exists between Malikie and Cipher.

48.    Cipher desires a judicial determination and declaration of the respective rights and duties of the parties herein.  Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

49.    Cipher is entitled to a declaratory judgment that the claims of the '039 patent are invalid.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Cipher hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Cipher respectfully requests entry of judgment in its favor and against Malikie as follows:

a.    Dismissing Malikie's Complaint in its entirety, with prejudice;

b.    Declaring that Cipher has not infringed and does not infringe any claims of the Asserted Patents;

c.    Declaring that the claims of the Asserted Patents are invalid;

40

d.      Awarding to Cipher its costs, expenses, and reasonable attorneys' fees, pursuant to 35 U.S.C. § 285; and

e.      Granting Cipher such other and further relief as this Court may deem just and proper in the circumstances.

Respectfully submitted,

Dated:      July 21, 2026

/s/ Andrew J. Danford
John V. Hobgood (*pro hac vice*)
Andrew J. Danford (*pro hac vice*)
WILMER CUTLER PICKERING HALE AND
  DORR LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000
john.hobgood@wilmerhale.com
andrew.danford@wilmerhale.com

Ben S. Fernandez (*pro hac vice*)
WILMER CUTLER PICKERING HALE AND
  DORR LLP
1225 17th Street, Suite 2600
Denver, Colorado 80202
(720) 274-3163
ben.fernandez@wilmerhale.com

Laura E. Powell (*pro hac vice*)
WILMER CUTLER PICKERING HALE AND
  DORR LLP
2100 Pennsylvania Avenue, NW
Washington, DC 20037
(202) 663-6294
laura.powell@wilmerhale.com

Melissa R. Smith
Texas State Bar No. 24001351
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670

41

Tel:  (903) 934-8450
melissa@gillamsmithlaw.com

*Attorneys for Defendant Cipher Digital Inc.*

42

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served on all counsel of record by CM/ECF on July 21, 2026.

/s/ *Andrew J. Danford*
Andrew J. Danford