**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **MALIKIE INNOVATIONS LTD. AND KEY PATENT INNOVATIONS LTD.,** | § | |
| ***Plaintiff,*** | § | |
| **v.** | § | **7:25-CV-00567-DC-DTG** |
| **RIOT PLATFORMS, INC.,** | § | |
| ***Defendant,*** | § | |
| **SHENZHEN MICROBT ELECTRONICS TECHNOLOGY CO., LTD.,** | § | |
| ***Intervenor-Defendant.*** | § | |

**FINAL CLAIM CONSTRUCTIONS**

Before the Court are the parties' claim construction briefs: Defendant Cipher Digital Inc.'s[1] Opening Claim Construction Brief (Dkt. No. 100), Plaintiffs, Malikie Innovations Ltd. and Key Patent Innovations's, Responsive Claim Construction Brief (Dkt. No. 127), the defendants' Reply Claim Construction Brief (Dkt. No. 135), the plaintiffs' Sur-Reply (Dkt. No. 141), and the Joint Claim Construction Statement (Dkt. No. 142). On September 01, 2026, the Court provided the parties with its Preliminary Claim Constructions, and on September 02, 2026, the Court held a claim construction hearing. The Court issues this Order to memorialize the Court's final claim construction rulings for the parties, and to inform the parties that the

[1] The Court granted the defendant Cipher Digital Inc.'s Motion to Stay and Notice of Settlement on September 02, 2026. *See* Text Order 09/02/2026. The remaining defendants in this case are Riot Platforms, Inc. and Shenzen MicroBT Electronics Technology Co., Ltd.

Court will issue a more-detailed Order explaining its analysis in due course. The deadline to file any objections to the undersigned's claim construction rulings (pursuant to Federal Rules of Civil Procedure 59 and 72) does not begin to run until a more detailed order is entered on the docket.

| Term | Court's Final Construction |
|---|---|
| #1: Preamble is limiting<br><br>U.S. Patent No. 8,532,286, Claim 1 | Preamble is not limiting. |
| #2: "instead of a modulus used in performing a standard Montgomery reduction"<br><br>U.S. Patent No. 8,532,286, Claim 1 | Plain-and-ordinary meaning. |
| #3: Preamble is limiting<br><br>U.S. Patent No. 8,712,039, Claim 1 | Preamble is not limiting. |
| #4: "said reversing resulting in an average number of words that need to be loaded into the registers per iteration being reduced by at least one half"<br><br>U.S. Patent No. 8,712,039, Claim 1 | Not indefinite. Plain-and-ordinary meaning. |
| #5: "advanced processor architecture to leverage capabilities"<br><br>U.S. Patent No. 8,712,039, Claim 3 | Not indefinite. Plain-and-ordinary meaning wherein the plain-and-ordinary meaning may include 64-bit registers and data preloading (a.k.a. "data prefetching") |
| #6: "ARM type processors"<br><br>U.S. Patent No. 8,712,039, Claim 4 | Plain-and-ordinary meaning wherein the plain-and-ordinary meaning is "processors that implement the ARM ISA" |
| #7: "consuming state values residing in the registers at an end of an iteration at a beginning of a following iteration"<br><br>U.S. Patent No. 8,712,039, Claim 6 | Plain-and-ordinary meaning wherein the plain-and-ordinary meaning is "using state values residing in the registers at an end of an even or odd iteration at a beginning of a following odd or even iteration" |

**SIGNED** this 3rd day of September, 2026.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE