**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

**MALIKIE INNOVATIONS LTD. AND KEY PATENT INNOVATIONS LTD.,**

**Plaintiffs,**

**v.**

**RIOT PLATFORMS, INC.,**

**Defendant,**

**SHENZHEN MICROBT ELECTRONICS TECHNOLOGY CO. LTD.,**

**Intervenor-Defendant.**

**NO. 7:25-CV-00567-DC-DTG**

**JURY TRIAL DEMANDED**

## PLAINTIFFS' ANSWER AND COUNTERCLAIMS TO SHENZHEN MICROBT ELECTRONICS TECHNOLOGY CO. LTD.

Plaintiffs and Counterclaim-Defendants Malikie Innovations Ltd. and Key Patent Innovations Ltd. (collectively, "Malikie") hereby answer and counterclaim Intervenor-Defendant and Counterclaim-Plaintiff Shenzhen MicroBT Electronics Technology Co. Ltd.'s ("MicroBT") Counterclaim ("MicroBT's Counterclaim") (Dkt. 152).

## MICROBT'S COUNTERCLAIM

### PARTIES

1. Malikie admits the allegations of Paragraph 1 of MicroBT's Counterclaim.

2. Malikie admits the allegations of Paragraph 2 of MicroBT's Counterclaim.

3. Malikie lacks sufficient knowledge to admit or deny the allegations in Paragraph 3 of MicroBT's Counterclaim and, therefore, denies those allegations.

## JURISDICTION AND VENUE

4. Paragraph 4 of MicroBT's Counterclaim contains conclusions of law for which no response is required. To the extent a response is required, Malikie admits that it is subject to personal jurisdiction for the purposes of the above-captioned case because it has sued Riot Platforms, Inc. and its co-Defendants in this Court.

5. Paragraph 5 of MicroBT's Counterclaim contains conclusions of law for which no response is required. To the extent a response is required, Malikie denies the allegations in Paragraph 5 of MicroBT's Counterclaim.

6. Paragraph 6 of MicroBT's Counterclaim contains conclusions of law for which no response is required. To the extent a response is required, Malikie admits that Malikie has consented to venue in this District in the above-captioned case because it has sued Riot Platforms, Inc. and its co-Defendants in this Court and denies the remaining allegations of Paragraph 6 of MicroBT's Counterclaim.

7. Malikie denies the allegations of Paragraph 7 of MicroBT's Counterclaim.

8. Malikie denies the allegations in Paragraph 8 of MicroBT's Counterclaim.

9. Paragraph 9 of MicroBT's Counterclaim contains conclusions of law for which no response is required. To the extent a response is required, Malikie denies the allegations of Paragraph 9 of MicroBT's Counterclaim.

## [MICROBT'S] FIRST COUNTERCLAIM

### (Declaration of Non-Infringement of U.S. Patent No. 8,712,039)

10. Malikie repeats and realleges the responses to Paragraphs 1 through 9 as though fully set forth herein.

11. Malikie denies the allegations in Paragraph 11 of MicroBT's Counterclaim.

12. Paragraph 12 of MicroBT's Counterclaim contains conclusions of law for which no response is required. To the extent a response is required, Malikie denies the allegations in Paragraph 12 and denies that MicroBT is entitled to the requested declaratory relief.

13. Paragraph 13 of MicroBT's Counterclaim contains conclusions of law for which no response is required. To the extent a response is required, Malikie admits MicroBT's Counterclaim purports to seek a judgement declaring that MicroBT does not infringe, either literally or under the Doctrine of Equivalents, any claims of the '039 Patent, but denies that MicroBT is entitled to the requested declaratory relief.

## MALIKIE'S AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Malikie, without waiver, limitation, or prejudice, hereby asserts the Affirmative Defenses listed below. Malikie reserves the right to amend this Answer to MicroBT's Counterclaims to add Affirmative Defenses, including any defenses currently unknown to Malikie, as they become known throughout the course of discovery in this action. Assertion of a defense is not a concession that Malikie has the burden of proving the matter asserted.

## MALIKIE'S FIRST AFFIRMATIVE DEFENSE

### (No Exceptional Case)

14. MicroBT is not entitled to attorneys' fees under 35 U.S.C. § 285 because this is not an exceptional case.

## MALIKIE'S SECOND AFFIRMATIVE DEFENSE

### (Additional Claims and Defenses)

15. Any additional defenses that discovery may reveal.

## ANSWER TO MICROBT'S PRAYER FOR RELIEF

16. Malikie denies all remaining allegations not specifically admitted herein. Malikie further denies that MicroBT is entitled to any declaratory relief or any other relief sought in MicroBT's Prayer for Relief.

## MALIKIE'S COUNTERCLAIM

Malikie repeats and realleges the allegations provided in its Answer to MicroBT's Counterclaim as though fully set forth herein. Malikie further alleges as follows:

## PARTIES

1. Counterclaim-Plaintiff Malikie is the successor-in-interest to a substantial patent portfolio created and procured over many years by Blackberry Ltd., formerly known as Research in Motion Ltd., and its predecessor, subsidiary, and affiliated companies (collectively, "Blackberry"). Malikie is an Irish entity duly organized and existing under the laws of Ireland. Malikie has registered offices at: The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland.

2. Counterclaim-Plaintiff KPI is the beneficiary of a trust pursuant to which Malikie owns, holds, and asserts the Asserted Patents (set forth below). KPI is an Irish entity duly organized and existing under the laws of Ireland. KPI has registered offices at: The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland.

3. On information and belief, Counterclaim-Defendant Shenzhen MicroBT Electronics Technology Co., Ltd. ("MicroBT") is a Chinese company with its principal place of business located at 8th Floor, HSAE Building, Sixth Hi-Tech South Street, Nanshan District, Shenzhen, Guangdong Province, China.

## NATURE OF THE ACTION

4. This is a civil action for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

5. Malikie is the assignee of and owns all right and title to U.S. Patent No. 8,712,039 (the "'039 Patent"), which was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). Malikie seeks monetary damages and injunctive relief.

## BACKGROUND

6. The '039 Patent, now owned by Malikie, was originally assigned to Certicom. Its inventors are former Certicom employees who spearheaded Certicom's industry-leading research and development in elliptic curve cryptography, applied cryptography and key management, and other data security technologies. After a longstanding alliance between BlackBerry and Certicom that enabled BlackBerry to utilize Certicom's elliptic curve cryptography technology in its products, BlackBerry acquired Certicom in 2009.[1,2] Through its acquisition of Certicom and continued research and development in ECC, key management, and other aspects of data security, BlackBerry amassed "the world's largest ECC-based patent portfolio,"[3] which grew to include over 500 ECC patents.[4]

7. The Bitcoin industry widely relies on patented Certicom innovations to efficiently hash new blocks to add them to the blockchain and "mine" new bitcoin. Bitcoin transactions are

---

[1] All URLs cited in this Counterclaim were last accessed on September 16, 2026, unless otherwise noted.

[2] *See* https://www.certicom.com/content/certicom/en/about.html; https://www.certicom.com/content/certicom/en/about/news/release/2000/research-in-motionand-certicom-to-enable-trusted-mobile-commerc.html.

[3] https://www.certicom.com/content/certicom/en/about.html.

[4] https://blackberry.certicom.com/en; https://www.certicom.com/

validated and added to the blockchain through this "mining" process, whereby transactions are added to blocks and operators of specialized mining computers race to solve a cryptographic puzzle that allows a next block to be added to the blockchain, entitling the winner to collect a "block reward."[5] This process is computationally intensive, thereby making it very difficult to tamper with the blockchain (*e.g.*, to modify or rewrite past transactions).[6] The computational intensity comes from a need to repeatedly perform a cryptographic hash function to discover a hash value that satisfies certain criteria, which some mining entities perform at the rate of "exahashes" per second (EH/s), *i.e.*, quintillions of hashes per second.[7] To do this, the Bitcoin industry relies on specialized mining computers containing application-specific integrated circuits ("ASICs") that are designed specifically (and typically, solely) for processing the SHA-256 hash function (a type of SHA-2 hash function) used by the Bitcoin network.[8] Before the advent of ASIC mining, Certicom invented techniques for processing SHA-2 hash functions faster and more efficiently.

8. On information and belief, several commonly used mining machines, including models made by MicroBT, utilize the improved hash processing techniques developed and patented by Certicom.

## PATENT IN SUIT

9. Malikie incorporates by reference the preceding paragraphs of this Counterclaim.

10. The '039 Patent, entitled "Efficient Implementation of Hash Algorithm on a Processor," was duly and lawfully issued on April 29, 2014. A true and correct copy of the '039

---

[5] https://www.coinbase.com/learn/crypto-basics/how-do-cryptocurrency-miners-work; Bitcoin Whitepaper at 3 ("Proof-of-Work"), 5 ("Incentive"), 6-8 ("Calculations"); https://en.bitcoin.it/wiki/Block; https://en.bitcoin.it/wiki/Controlled_supply.

[6] Bitcoin Whitepaper at 3 ("Proof-of-Work"), 6-8 ("Calculations").

[7] https://www.pcmag.com/encyclopedia/term/exahash

[8] https://en.bitcoin.it/wiki/ASIC

Patent is attached hereto as Exhibit 1. The application for the ’039 Patent was filed on April 5, 2012, and claims the benefit of priority of Provisional App. No. 61/472,422, filed on April 6, 2011.

11. The ’039 Patent has been and continues to be in full force and effect since its issuance. Malikie owns by assignment the entire right and title in and to the ’039 Patent, including the right to seek damages for any infringement thereof.

12. A request for reexamination of claims 1, 3-4, and 6 of the ’039 Patent was recently denied.[9]

13. The ’039 Patent relates generally to systems and methods for efficient implementations of hash algorithms on a computer processor, including techniques for utilizing a processor’s registers to efficiently perform multiple iterations of SHA-2 family secure hash algorithms. *See*, *e.g.*, Ex. 1 at 1:17-20, 1:39-54, 2:8-20; *see also id*., Abstract.

14. The patent teaches that an issue related to processing secure hash algorithms, such as secure hash algorithms in the SHA-2 family[10], is that implementing such secure hash algorithms on advanced processor architectures, such as ARM processors, is challenging because the number of available registers is insufficient to store the entire state of the secure hash algorithm, such that “only portions of it at a time would be loaded into them and undergo the necessary calculations before being stored back on the stack.” *Id*. at 1:39-54. The patent teaches that “[t]he challenge lies in optimizing the registers utilization and minimizing the relatively lengthy load operations.” *Id*.

---

[9] Reexamination Control No. 90/016,473, “Order Denying Request for Ex Parte Reexamination” (USPTO Sept. 9, 2026).

[10] The SHA-2 family includes, for example, SHA-256, SHA-384, and SHA-512, among others. *See* https://csrc.nist.gov/projects/hash-functions/nist-policy-on-hash-functions; https://csrc.nist.gov/files/pubs/fips/180-3/final/docs/fips180-3_final.pdf at 3.

15. The inventors recognized these technological problems and discovered improved ways to implement secure hash algorithms in computer processors to address them. *See*, *e.g.*, Ex. 1 at 2:8-20, 2:65-5:49. For example, the patent teaches methods and systems for maximizing a number of registers at an end of an iteration of a hash algorithm for use in a next iteration, comprising categorizing and unrolling iterations of an original secure hash algorithm into even iterations and odd iterations, reversing a sequence of computations in the even iterations to those in the odd iterations that results in an average number of words that need to be loaded into the registers per iteration being reduced by at least one-half compared to the original secure hash algorithm, and combining an even iteration and odd iteration to provide a new iteration of a loop. *See*, *e.g.*, 2:8-20, 2:65-5:49, 11:38-49. For example, the patent teaches that in certain embodiments, words may be 64 bits long while the processor registers are 32 bits long. *Id*. at 3:1-3. The state of every iteration of the secure hash algorithm may include, for example, eight 64-bit words (*e.g.*, A-H) such that the block to be hashed includes sixteen 64-bit words. *Id*. at 3:4-9. Whereas with an original secure hash algorithm all the values of words A-H require load operations from the stack into the registers to undergo the specified functions, "[t]he present embodiment minimizes the number of load instructions required in every iteration by reusing values from the previous iteration that are still in the registers," which "is achieved by categorizing, and unrolling, the algorithm iterations into even and odd ones, where the sequence of computation in the even iteration is reversed." *Id*. at 3:49-58. The inventive techniques of the '039 patent allow the average number of words loaded per original iteration to be reduced, for example, in some embodiments, from eight (sixteen 32-bit loads) to four (eight 32-bit loads). *Id*. at 4:60-63.

**<u>JURISDICTION AND VENUE</u>**

16. Malikie incorporates by reference the preceding paragraphs of this Counterclaim.

17. This Counterclaim arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including without limitation 35 U.S.C. §§ 271, 281, 283, 284, and 285. This is a patent infringement lawsuit over which this Court has subject matter jurisdiction under, *inter alia*, 28 U.S.C. §§ 1331, 1332, and 1338(a).

18. This Court has personal jurisdiction over MicroBT because it has consented to the exercise of such jurisdiction. *See* Dkt. 152 at ¶148.

19. By filing MicroBT's Counterclaim against Malikie in this Court, MicroBT has consented to the propriety of venue over this Counterclaim. *See* Dkt. 152 at 25.

**FIRST COUNTERCLAIM**

**(Infringement of the '039 Patent)**

20. Malikie incorporates by reference the preceding paragraphs of this Counterclaim.

21. The '039 Patent is generally directed to systems and methods for efficient implementations of hash algorithms on a computer processor, including techniques for utilizing a processor's registers to efficiently perform multiple iterations of SHA-2 family secure hash algorithms and, in particular, to techniques for maximizing a number of registers at an end of an iteration of a hash algorithm for use in a next iteration, where the method includes categorizing and unrolling iterations of an original secure hash algorithm into even iterations and odd iterations, reversing a sequence of computations in the even iterations to those in the odd iterations, said reversing resulting in an average number of words that need to be loaded into the registers per iteration being reduced by at least one half compared to the original secure hash algorithm, and combining an even iteration and an odd iteration to provide a new iteration of a loop.

22. MicroBT has been on notice of the ’039 Patent and a specific factual basis for its infringement of the ’039 Patent since at least March 20, 2026. On information and belief, MicroBT has not taken any action to stop its infringement.

23. MicroBT, under 35 U.S.C. § 271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the ’039 Patent, by making, using, testing, selling, offering for sale, and/or importing hardware and/or software including devices and software for mining bitcoin, such as, for example, hardware and software for digital asset mining, including mining rigs, application-specific integrated circuits (ASICs), computers, miners, firmware, and software applications in the United States. For example, during a 2024 visit to Rosseau’s facility in Taylor, Texas, “the MicroBT team witnessed … the WhatsMiner M66S, which is among the most powerful ASIC miners on the market, achieved record-breaking performance when operated in the ‘Rosseau One’ immersion system.”[11] An exemplary claim chart showing one way in which MicroBT directly infringed claim 1 of the ’039 Patent is attached as Exhibit 2.

24. MicroBT has also indirectly infringed, and continues to indirectly infringe, the ’039 Patent under 35 U.S.C. § 271(b) and (c).

25. MicroBT has knowingly, intentionally actively aided, abetted, and induced others, including Riot Platforms, Inc., to directly infringe (except where licensed) at least claim 1 of the ’039 Patent, and continues to do so, by, for example, encouraging others to use bitcoin mining machines by launching “a dedicated online shop in the United States, enabling customers to order domestically built WhatsMiner bitcoin mining rigs directly”[12] and enabling “buyers to purchase

---

[11] https://www.prnewswire.com/news-releases/microbts-whatsminer-m66s-devices-achieve-unprecedented-performance-in-rosseaus-immersion-cooling-system-302320415.html

[12] https://www.theenergymag.com/news/2025-09-22/microbt-us-online-shop-bitcoin

U.S.-made WhatsMiners with the option to pick up orders directly from a Delaware warehouse, potentially within 24 hours of purchase." *Id*.

26. MicroBT has also contributed to the direct infringement (except where licensed) of at least claim 1 of the '039 Patent, and continues to do so, by, for example, supplying, with knowledge of the '039 Patent, a material part of a claimed invention, where the material part is not a staple article of commerce and is incapable of substantial noninfringing use. For example, MicroBT has supplied hardware and/or software including devices and software for mining bitcoin, such as, for example, hardware and software for digital asset mining, including mining rigs, application-specific integrated circuits (ASICs), computers, miners, firmware, and software applications that are not a staple article of commerce and are incapable of substantial noninfringing use. For example, "MicroBT has launched a dedicated online shop in the United States, enabling customers to order domestically built WhatsMiner bitcoin mining rigs directly." *Id.* Moreover, "by producing machines domestically, MicroBT said it can eliminate import tariffs and international shipping costs, while providing faster delivery and local after-sales support. MicroBT claims that its U.S. supply chain now supports a monthly output of more than 10,000 units with a yield rate up to 99%. It has also established service centers and tax-free storage facilities on both coasts, along with three official repair hubs that promise responses within 24 hours and repairs completed in less than seven business days." *Id*. In a further example, MicroBT has recently agreed to supply WhatsMiner rigs worth $100 million to Luxor as part of an expanded partnership[13].

27. MicroBT's infringement has been willful in view of the above and its failure to take any action, even after being put on notice, to stop its infringement.

---

[13] https://coinmarketcap.com/academy/article/luxor-commits-dollar100m-to-microbt-rigs-in-expanded-deal

## PRAYER FOR RELIEF

WHEREFORE, Malikie respectfully request that the Court enter judgment against MicroBT as follows:

A. That MicroBT's Counterclaim be dismissed with prejudice;

B. That MicroBT has infringed and will continue to infringe the '039 Patent unless enjoined;

C. That MicroBT's infringement of the '039 Patent has been willful;

D. That MicroBT pays Malikie damages adequate to compensate for its past, present, and future infringement of the '039 Patent as appropriate, together with interest and costs under 35 U.S.C. § 284;

E. That MicroBT pays prejudgment and post-judgment interest on the damages assessed;

F. That MicroBT pay Malikie enhanced damages pursuant to 35 U.S.C. § 284; Awarding Malikie such other and further relief as the Court deems proper

G. That MicroBT be enjoined from infringing the '039 Patent or if its infringement is not enjoined, that it be ordered to pay ongoing royalties to Malikie for any post-judgment infringement of the '039 Patent as appropriate.

H. That this is an exceptional case under 35 U.S.C. § 285; and that MicroBT pay Malikie's attorney's fees and costs in this action; and

I. That Malikie be awarded such other and further relief, including equitable relief, as this Court deems proper.

Dated: September 23, 2026

Respectfully submitted,

/s/ *Khue Hoang*
Khue V. Hoang
Patrick Colsher
**REICHMAN JORGENSEN LEHMAN & FELDBERG LLP**
650 Fifth Avenue, Suite 2320
New York, NY 10019
Tel: (212) 381-1965
khoang@reichmanjorgensen.com
pcolsher@reichmanjorgensen.com

Courtland L. Reichman
Matthew G. Berkowitz
Michael Polka
Michael Caulkins
**REICHMAN JORGENSEN LEHMAN & FELDBERG LLP**
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Tel: (650) 623-1401
creichman@reichmanjorgensen.com
mberkowitz@reichmanjorgensen.com
mpolka@reichmanjorgensen.com
mcaulkins@reichmanjorgensen.com

Christine E. Lehman
Adam Adler
Philip J. Eklem
**REICHMAN JORGENSEN LEHMAN & FELDBERG LLP**
1909 K Street, NW, Suite 800
Washington, DC 20006
Tel: (202) 894-7310
clehman@reichmanjorgensen.com
aadler@reichmankjorgensen.com
peklem@reichmanjorgensen.com

Vivek P. Shankam, Ph.D.
**REICHMAN JORGENSEN LEHMAN & FELDBERG LLP**
901 S. MoPac Expwy., Bldg. 1, Suite 270
Austin, TX 78746
Tel: (737) 227-3117
vshankam@reichmanjorgensen.com

*Of Counsel*:

Mark D. Siegmund
TX Bar No. 24117055
**CHERRY JOHNSON SIEGMUND JAMES, PC**
7901 Fish Pond Road, 2nd Floor
Waco, TX 76710
Telephone: (254) 732-2242
Facsimile: (866) 627-3509
Email: msiegmund@cjsjlaw.com

William D. Ellerman,
TX Bar No. 24007151
**CHERRY JOHNSON SIEGMUND JAMES, PC**
7901 Fish Pond Road
Waco, TX 76710
Telephone: (254) 732-2242
Facsimile: (866) 627-3509
Email: wellerman@cjsjlaw.com

*Attorneys for Plaintiffs Malikie Innovations Ltd. and Key Patent Innovations Ltd.*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record via the Court's electronic filing system on this 23rd day of September 2026..

*/s/ Mark D. Siegmund*
Mark D. Siegmund